### Tyler *vs.* Simmons and Miller.

A party cannot bring on the hearing of exceptions to a master's report upon the merits at the same time when applies to set aside the report for irregularity, or to refer it back to the master to take further testimony and review his report.

Where the report is irregularly made, the party who wishes to take advantage of the irregularity should not except to the report until the question of irregularity is determined. And if he excepts to the report after he has notice of the irregularity in the proceedings before the master, it is a waiver of such irregularity.

The proper course, where a party wishes to apply to set aside a report for irregularity, is to obtain an order to enlarge the time for filing his exceptions; for the purpose of giving him an opportunity to apply to the court, and have the question of regularity disposed of before he excepts.

Exceptions to a master's report are only proper in those cases in which he has come to a wrong conclusion upon the matters which were referred to him to ascertain or decide. Where he proceeds irregularly, or neglects to report upon the matters referred to him, the proper course for the party aggrieved thereby is to apply to the court to set aside the report, or to refer it back to the master to perfect the same.

A master's report cannot be excepted to for irrelevancy or impertinence. The proper course in such a case is to apply to the court by motion to expunge the impertinent matter, if either party is aggrieved by the introduction of such matter into the report.

Where two distinct orders are made in the same cause they may be both included in one notice of appeal and in the same appeal bond; provided the penalty of the bond is sufficiently large, and the condition of the bond is broad enough, to secure the payment of the whole amount required to be secured on both appeals.

If a party in whose favor an interlocutory order or decree is made wishes to limit his adversary's right of appeal, he must serve a copy of the order or decree, as entered, or give to him a written notice of the entry thereof.

This case came before the chancellor upon an appeal by the defendants from two separate decisions and orders of the vice chancellor of the fourth circuit. The complainant filed his bill as a judgment creditor of D. Simmons, one of the defendants, to obtain satisfaction of his debts out of the equitable interests, choses in action or other property of Simmons which he had not been able to reach by execution at law, and particularly the interest of Simmons in an axe manufacturing establishment, which was carried on in the name of Miller, the other defendant, as the ostensible own-

August 2.

er. Upon the hearing of the cause before the vice chancellor, a reference was directed to a master to state an account of the property, credits and effects which belonged to Simmons at the time of the filing of the bill. And the master was directed to take and state an account of the axe manufacturing establishment carried on in the name of the defendant Miller, and to ascertain and report the nature and amount of the interest of Simmons therein; and the amount and situation of the property, debts, credits and effects of that establishment. And all other questions and directions in the cause were in the meantime reserved. The proceedings before the master were very informal, the parties having appeared before the master from time to time by consent, and without any formal summons; and the master was finally left to make up the draft of his report without any argument of the case before him preparatory thereto. Upon the return of the summons to settle the draft of the report, the counsel for the defendant insisted that certain books of the axe manufacturing establishment, upon which the master had in part relied in support of the conclusions at which he had arrived, were not in evidence on the reference; and after one or two adjournments the defendants' counsel made a formal application to the master for permission to go into further testimony in explanation of such books. The master finally decided against the application to hear further testimony, and made up and filed his report in which he stated that the books were produced and given in evidence before him. The master reported that Simmons owned and was entitled to the whole property and effects of the axe manufacturing establishment, as the sole and exclusive proprietor thereof, at the time of the commencement of this suit, consisting of debts and effects to the amount of $16,693,53, without reference to the liabilities of the establishment; and that Simmons had continued to be such owner ever since, although there had been a nominal transfer of the establishment from Miller to the father of Simmons pending the suit. The defendants filed twelve exceptions to the report. Most of these exceptions related to the regularity of the proceedings before the master; and one of

which denied the fact stated by the master that the books were produced in evidence before him and sought to have that allegation in the report expunged. The defendants afterwards noticed their exceptions for hearing before the vice chancellor. They at the same time moved, upon affidavits and other papers, to strike out the statement in the report that the books were produced in evidence, and also to set aside the whole report for irregularity ; or to refer the whole matter in controversy in the suit back to the same or to some other master, with such instructions and directions as should be necessary to carry into effect the original order of reference. The vice chancellor refused to hear the argument of the motion and of the exceptions together, as the decision thereof depended upon different papers which could not be used or read upon both applications. The motion to amend the report, or to refer it back to the master, or to set it aside for irregularity, was denied. And as the defendants, upon the hearing of the exceptions, did not produce the books which were a part of the evidence upon which the decision of the master upon the subject of the reference was founded, the exceptions were overruled. From both decisions of the vice chancellor the defendants appealed ; embracing both in the same notice of appeal and in the same bond. An application was afterwards made to dismiss the appeal for irregularity. But upon an intimation of the chancellor that the appellants might embrace both appeals in the same notice provided the penalty of the bond was in double the usual amount, and the condition was sufficiently extensive to cover the damages and costs upon both appeals, and that the appeal bond which was correct except as to the amount of the penalty might be amended, the objection to the regularity of the appeal was waived.

*A. Taber & J. Holmes*, for the appellants.

*O. Meads & M. T. Reynolds*, for the respondent.

THE CHANCELLOR. The vice chancellor was right in supposing that it was not proper that the argument of the exceptions, and of the special motion to set aside the report for

irregularity or to refer it back to the master, should be heard together. The two proceedings were incompatible and entirely inconsistent with each other. The filing of exceptions to a report necessarily presupposes that the report is regularly made, but that the master has come to a wrong conclusion as to the whole or some of the matters referred to him for his decision. And if exceptions are filed after notice of any irregularity in the proceedings before the master, it is a waiver of the irregularity. If the party against whom a report is irregularly made wishes to set it aside and send it back to the master to correct the irregularity, he should, instead of excepting to the report, get an order to enlarge the time for excepting; and in the mean time apply to the court to set aside the report for the irregularity, or to have the report referred back again to the master to hear further testimony where a proper foundation is laid for such a proceeding. Irregularities in the proceedings before the master are not the proper subjects of exception to his report. The affidavits and papers which were read in opposition to the motion before the vice chancellor established the fact, beyond all doubt, that the books were properly in evidence before the master; though from the informal manner in which the reference was conducted, the defendant's counsel undoubtedly acted under the erroneous impression that the adverse party did not intend to use the books as evidence. The master therefore would have been justified in allowing the defendant's counsel to produce further evidence in explanation of the entries in the books, although as a general rule the master ought not to hear further testimony after the parties have seen the draft of his report. The 67th of Lord Lyndhurst's new orders, in the English court of chancery, absolutely prohibits the master from receiving any further evidence in that stage of the proceedings. (1 *Smith's Ch. Pr.* 567.) But as the defendant did not furnish the master with his own affidavit, showing what witnesses he wished to examine, and the particular facts which he wished and expected to establish by them, I cannot say that the master erred in refusing to go into further testimony. And the vice chancellor was right

in refusing to interfere and send the case back to the master, after the defendant had taken so important a step in the cause as filing exceptions to the report and setting them down for hearing. The decision of the vice chancellor upon the motion, was therefore correct and should be affirmed.

Most of the exceptions to the report are improperly taken, as they do not relate to the correctness of the conclusions at which the master arrived upon the several matters referred to him to ascertain and report upon, but merely to the regularity of the proceedings before the master. The filing of exceptions to the report, as I have before stated, is not the proper form of correcting irregularities in the proceedings before the master. If the proceedings have been irregular, or the master has neglected to decide and report as to any matter which he was by the order of reference directed to ascertain and report upon, the proper course for the party aggrieved is, to make a special application to the court to set aside the report for the irregularity in the proceedings, or to refer the case back to the master for a further report upon the matters originally referred to him for his examination and decision. Exceptions to the report are only proper where the master has come to an erroneous conclusion upon some matter referred to him to ascertain and decide, and to report upon, as the immediate subject of the reference. Even where the master has introduced into his report matters which are wholly irrelevant to the accounts and inquiries directed by the order of reference, exceptions do not lie to his report on that account. (*Rufford* v. *Bishop*, 5 *Russ. Rep.* 346.) The proper course for the party aggrieved by the introduction of such irrelevant or impertinent matter, is to apply to the court directly, by motion, to expunge the impertinent matter ; as it would be improper to refer it to one master to review the report of another in this respect. This disposes of all the exceptions but those which relate to the correctness of the master's decision upon the nature of the interest of the defendant Simmons in the axe manufactory establishment at the time of the commencement of this suit, and the amount of such interest, and the situation and disposition of the property thereof.

The direction to ascertain *the nature and amount* of the interest of Simmons in the manufacturing establishment carried on in the name of Miller, necessarily involved the inquiry whether Miller had any interest therein at the time of filing the bill, or whether it was then carried on in his name for the sole use of Simmons. If the decretal order directing that inquiry was not authorized by the pleadings and proofs which were before the vice chancellor upon the hearing, the proper mode of correcting the decretal order was by an appeal from the order itself, instead of an exception to the decision of the master. Whether the master was right in the conclusion at which he arrived, upon the question submitted to him by the court, could only be determined by an examination of all the evidence which was before him on the reference. And as the books were not produced before the vice chancellor upon the argument of the exceptions, it was impossible for him to say that the master's decision was erroneous. The exceptions were therefore properly overruled. And both of the orders appealed from must be affirmed, with costs.

March 7,
1837.

Upon a subsequent appeal from an interlocutory order made by the vice chancellor, an application was made to dismiss the appeal upon the ground that such appeal had not been entered until the expiration of more than fifteen days after the appellant had actual knowledge of the entry of the order appealed from.

The CHANCELLOR held, in conformity with the decision of the court for the correction of errors in the case of *Jenkins* v. *Wilde*, (14 *Wend. Rep.* 539,) that where the order appealed from is not entered by the appellant, the adverse party must serve a copy of that order, or a formal notice of the entering of such an order, if he wishes to limit the time for appealing from the same. And that information of the fact by parol merely, where neither the order nor a notice of the entering thereof, has been served upon the appellant or his solicitor, is no ground for dismissing the appeal.