## JOHN ALLING ET AL.

### v.

## WILLIAM T. WENZELL ET AL.

*Corporations—Dissolution—Personal Liability of Stockholders—Subscription for Stock—Revocation—Reversal.*

1. No device will free a holder of corporate stock purchased from the corporation for a percentage of its nominal value from his obligation to creditors to pay the residue.

2. A subscription for corporate stock upon which nothing was paid is revocable by consent of the parties concerned, before the corporations begins to do any business, and before any interests of third persons to be affected by such revocation attach, and the persons so surrendering are not assignors to the persons who afterward buy the stock from the corporation, and therefore not jointly liable with them under Sec. 8, Chap. 32, R. S.

3. The reversal of a judgment or decree reverses the whole of it, except where the interests of the several parties against whom it was rendered are wholly dissevered and independent, in which case the reversal operates only as to the parties who procured the same.

4. In proceedings involving the winding up of a corporation, this court holds that the dissolution can not be complained of, in view of the fact that it had ceased business and its assets were exhausted; that proceedings in cases of this character must be ambulatory until complete satisfaction or total insolvency has left nothing to be reached; and declines, in view of the evidence, to interfere with decrees to this end.

[Opinion filed January 22, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. HUTCHINSON & LUFF, and Messrs. BISBEE, AHRENS & DECKER, for appellants.

Mr. WALTER M. HOWLAND, appellees.

GARY, P. J. This is a second appeal by the same persons who were appellants in the case of the same title, reported in 27 Ill. App. 511.

There is also a separate appeal by Ransom W. Dunham, but both appeals are docketed here as one case. The errors

for which the case was before reversed are not in the present record.

The persons who were appellants before, now complain that although they bought of the corporation for a percentage of the par or nominal value, full paid stock, they are now charged, contrary to the terms of their bargain with the corporation, with the residue or unpaid portion of that par or nominal value. Whether the corporation could call upon them under Sec. 7, Chap. 32, R. S., is not the question here.

It probably never entered into the contemplation of the Legislature, that stock in a corporation was to be issued by it for any other consideration than money equal to par of the stock paid, or liable to be called for, as provided in that section; but under Sec. 8, as to creditors, no device will free a holder of stock from his obligation to pay to the uttermost farthing.

The scheme of having the stock first subscribed for by one set of men, then surrendering it to the corporation, and the corporation selling it out as full paid on the receipt of ten or twenty per cent of the par, is no more effectual than the abortive one which the opinion on the former appeal recited from Melvin v. Lamar Ins. Co., 80 Ill. 446.

Another error assigned, that those first subscribers, who paid nothing, are not charged jointly with the appellants, is based upon the assumption that a subscription, once made, with nothing done under it, is irrevocable, even by consent of both parties, and before the corporation begins to do any business, and before any interests of the third persons to be affected by such revocation attach. There is nothing intrinsically wrong in such a transaction. Chetlain v. Republic Life Ins. Co., 86 Ill. 220. And the persons so surrendering are not assignors to the persons who afterward buy the stock from the corporation, and, therefore, not jointly liable with such purchasers under Sec. 8.

That the court decreed a dissolution of the corporation works these appellants no conceivable injury. Its assets are exhausted and it has ceased business. If there is anything theoretically erroneous in that part of the decree, the corporation has probably not life enough left to make an audible

complaint. But the decree in that respect is justified by St. Louis v. Sandoval, 116 Ill. 170.

The error special to Dunham, which he assigns, is that, as he never appealed from the first decree, that remains in force as to him, notwithstanding the reversal on the appeal by others, and therefore this decree against him should not have been made. Considering that the first decree required him to pay nearly three times as much as this does, it requires a little reflection to discover his interest in seeking to abide by it. But the general rule is that the reversal of a judgment or decree reverses the whole of it. The exception is that where the interests of the several parties against whom it was rendered are wholly dissevered and independent, the reversal operates only as to the parties who procured the reversal.

That former decree found, as this finds, the whole amount to be raised and the part each was to contribute. A reversal and finding of a new amount to be raised, or changing the sum or sums to be paid by one or more of the parties liable, destroys the equilibrium, and unsettles the ratio upon which the first decree rested as to all parties. Enos v. Capps, 12 Ill. 255; Rees v. Chicago, 38 Ill. 322; P., F. W. & C. R. R. Co. v. Reno, 123 Ill. 273.

"Where there are several dependent judgments, and the principal of one is reversed, the other can not be supported." 2 Saund. 101aa; McJilton v. Love, 13 Ill. 486.

In the nature of things, the proceedings in cases of this character must be ambulatory until complete satisfaction or total insolvency has left nothing to be desired or hoped for.

There is no error, and the decrees are affirmed.

*Decrees affirmed.*