MECHANICS & TRADERS SAVINGS, LOAN AND BUILDING
ASSOCIATION ET AL.
v.
THE FARMINGTON SAVINGS BANK ET AL.

*Mortgages—Foreclosure—Appeal from Decree of.*

1.   A party desiring to have the court in a given case review the rulings of the master in stating the account therein, must file objections to the

First District—March Term, 1891.    33

Mechanics & Traders Bldg. Ass'n v. Farmington Sav. Bk.

master's report before it is returned into court, in order that he may pass upon them, and if he adheres to his report, exceptions corresponding to the objections filed before the master may be filed in the court, and on the hearing, such exceptions will enable the court to review the evidence and the rulings objected to.

2. A court will not hear exceptions where there have been no objections filed before the master, unless the failure to file them was due to accident or surprise.

[Opinion filed June 25, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. O. H. Horton, Judge, presiding.

Mr. Henry Hudson, for appellants.

Mr. John W. Waughop, for appellees.

Moran, P. J.   This is an appeal from a decree of foreclosure of a mortgage. The case was regularly referred to the master by the court below to take an account of the amount due and report the same.

The objections now urged here all relate to items of the account stated by the master. On looking into the record, we find that objections to the master's report were filed in the Circuit Court, and argued there, but never filed with the master or submitted to him for consideration.

The rule of chancery procedure requires the party who desires to have the court review rulings of the master, in stating the account, to file objections to the master's report before it is returned into court, so that the master may pass on the objections; and if he adheres to his report, exceptions corresponding to the objections filed before the master may be filed in the court, and then on the hearing, such exceptions will enable the court to review the evidence and the various rulings objected to.

But the court will not hear exceptions where there have been no objections filed before the master, unless the failure to file them there was due to accident or surprise.

" The exceptions are always to be confined to such objections

as were allowed or overruled by the master." Prince v. Cutler, 69 Ill. 267; Pennell v. Lamar Ins. Co., 73 Ill. 303; Huling v. Farwell, 33 Ill. App. 238.

The record further shows that the decree was not entered upon the report which was objected to in the Circuit Court, but that there was filed another report by the master in which the whole amount due is found, and it is this last report which is confirmed by the decree, and the amount therein stated is the sum decreed to be paid to the mortgagees.

To this report there were neither objections filed before the master, nor exceptions in the court, and therefore there is no question here presented for review.

The decree of the Circuit Court will therefore be affirmed.

*Decree affirmed.*