John Alling et al.

v.

William T. Wenzell et al.

*Corporations — Personal Liability of Stockholders—Jurisdiction— Practice—Set-off.*

1. In chancery, the ordinary condition precedent to equitable relief based upon the ability of anybody to pay, is an execution returned unsatisfied. The court will accept no proof of inability other than an unsuccessful effort to compel payment by process of law.

2. Upon a bill filed to charge defendants on account of their individual liability as stockholders in a corporation, this court holds that until all the debts are paid, the creditors are entitled to pursue the stockholders for all unpaid subscriptions—solvents making good the deficiencies of insolvents—whatever number of assessments may become necessary in equalizing the burden among those who can be made to pay.

3. The certificate of a clerk of court setting forth that the transcript in a given case is complete " as *per præcipe* filed," amounts to a statement that it is complete as far as it goes, of as much as the maker desired.

. 4. The objection of the defendants in the case presented as to the allowance of a set-off to certain stockholders can not be considered herein, no objection having been made before the master, nor exception before the court, to the action of the master on the set-off.

[Opinion filed December 29, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Francis M. Wright, Judge, presiding.

Messrs. Hutchinson & Luff, for appellants.

Mr. Walter M. Howland, for appellees.

Mr. Justice Gary. This case, with the same title, has been twice here, and once in the Supreme Court, before this appeal. 27 Ill. App. 511; 35 Ill. App. 246; 133 Ill. 264.

The appellants contend that the language of the statute— " If any stockholder shall not have property enough to sat-

isfy his portion of such debts and liabilities, then the amount shall be divided equally among the remaining solvent stockholders," does not authorize a second assessment of the stockholders who paid the first one, to make up the deficiency arising from inability to collect from insolvent stockholders who were assessed in the first assessment.

Precisely that state of affairs was in the mind of the writer of the opinion when the case was here the last time, as he wrote: " In the nature of things, the proceedings in cases of this character must be ambulatory until complete satisfaction or total insolvency has left nothing to be desired or hoped for."

Perhaps the question now presented can not be said to have been then before the court, and certainly what was then written must be read as the words now mean, and not as the writer thought they meant when he wrote, if he was wrong.

But in chancery, the ordinary condition precedent to equitable relief based upon the inability of anybody to pay, is an execution returned unsatisfied. The court will accept no proof of inability other than an unsuccessful effort to compel payment by process of law. Durand & Co. v. Gray, Kingman & Collins, 129 Ill. 9.

Consistently, with the chancery rule upon judgment creditors' bills, it would seem that the court could not, on the first assessment, assess one stockholder more than his *pro rata* share of the debts to be paid, upon any proof, however convincing, that other stockholders had nothing.

We therefore hold that until all the debts are paid, the creditors are entitled to pursue the stockholders for all unpaid subscriptions—solvents making good the deficiencies of insolvents—whatever number of assessments may become necessary in equalizing the burden among those who can be made to pay.

The other points made by the appellants do not arise upon this record. They question the sufficiency of the proof of insolvency, or want of property with which to pay, of some other stockholders for whose deficiencies the appellants are assessed.

Both the decree and the certificate of evidence state that the cause was heard not only upon the evidence that is in the present transcript, but upon all contained in the record, and the clerk's certificate to the transcript is that it is complete " as *per præcipe* filed." That is simply saying it is complete as far as it goes, of as much as the maker of the *præcipe* desired.

What record there is here shows that there must be much that is not here. If we could put our personal knowledge into the case, we might say all that is material now, is here; but we may not do that.

There should be legislation that would enable a party aggrieved to present his complaint on so much record as would show his cause for complaining; if he did not make it full enough, the other party might supply the rest, with such provisions as to costs, etc., as would make it to the interest of each to act fairly.

The appellants also question the allowance of a set-off to other stockholders; but they did not object before the master, and except before the court, to the action of the master on that set-off.

They can not raise the question here. Waska v. Klaisner, 43 Ill. App. 611; Mechanics, etc., v. Farmington Bk., 41 Ill. App. 32.

The decree is affirmed.               *Decree affirmed.*

Much of the proceedings in this case having been before Judge Shepard below, he does not take part in it here.