## Charles A. North et al. v. John A. Alles et al.
## and
## Charles A. North et al. v. Alfred Fromhold et al.

1. PRACTICE—*Appellate Court—Incomplete Records.*—The 11th rule of this court as to the præcipe for a record which has been a rule of the Supreme Court since Vol. 19 of its reports (see rule 36, Supreme Court) must be understood as intended to aid the clerk in determining what is a complete record under the next preceding rules. It can not be held to have the effect of changing the statute which requires a complete record.

**Memorandum.**—Suit for mechanics' lien. In the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Decree for defendants on intervening petitions; complainant brings the record here upon a writ of error. Heard in this court at the March term, 1893, and affirmed. Opinion filed April 12, 1893.

The statement of facts is contained in the opinion of the court.

KERR & BARR and F. A. WILLOUGHBY, attorneys for plaintiffs in error.

BRIEF OF DEFENDANTS IN ERROR, W. A. SHAW, ATTORNEY.

The record itself is not complete. It so appears by a reference to the clerk's certificate and præcipe upon which the record was made up. An incomplete record stands in the way of allowing the plaintiff in error to be heard upon its merits. The decree should, therefore, be sustained. Frink v. Neal, 37 Ill. App. 627.

OPINION OF THE COURT, GARY, P. J.

These writs of error are prosecuted to reverse decrees in mechanics' lien cases, which decrees seem, from the records, to have been entered in favor of the defendants in error upon the intervening petitions, in a case wherein George Hendenbluth et al. were complainants, and P. H. Rudolph et al. were defendants.

The clerk certifies that what we have as the record in

either case is " a true, perfect and complete transcript of the record according to præcipe, filed and heretofore copied herein."

Turning to that præcipe in each case, we find that it calls specifically for certain pleadings, orders and the final decree. Upon that we can not review the decrees.

When we granted a supersedeas we did not notice the want of a complete record, but the defendants in error have by their brief objected to its sufficiency, and the plaintiffs in error have paid no attention to the objection.

The 11th rule of this court as to a præcipe for a record has been a rule of the Supreme Court since 19th Ill. Rep.; see rule 36 there, and must be understood as intended to aid the clerk in determining what is a complete record under the next preceding two rules. It can not be held to have the effect of changing the statute which requires a complete record. Rowan v. Bowles, 25 Ill. 113.

There are occasional intimations that something less than a complete record may sometimes be enough (Van Meter v. Lovis, 29 Ill. 488, Miller v. Whitaker, 33 Ill. 386, but no such decision. With such records as are here, we can only affirm the decrees.

It is possible to conceive of additional pleadings, supported by proof, which would cure everything which is now assigned as error, even if it be well assigned, as to which we express no opinion. Atkinson v. Linden, 35 Ill. App. 448; Alling v. Wenzell, 46 Ill. App. 562.

Affirmed.