Culver v. Schroth.

---

Ella J. Culver v. C. F. Schroth and Henry Ahrens.

1. APPELLATE COURT PRACTICE—*Insufficient Transcript.*—Transcripts "as per præcipe" are insufficient.

2. SAME—*Res Adjudicata.*—A former decision of this court in a case is the law of the case for this court.

Memorandum.—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed April 30, 1894.

The opinion states the case.

LOUIS BOISOT, JR., attorney for appellant.

PEASE & McEWEN, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Had a complete transcript of the record from the court below been filed, it would probably have appeared that the appellant, a purchaser *pendente lite*, and therefore bound by all the former proceedings in the cause (Williams v. Winans, 20 N. J. Eq. (5 C. E. Green) 392), is now seeking to have this court reverse its decision in this same case on a former appeal. Schroth v. Black, 50 Ill. App. 168.

That former decision is the law of the case for this court. C. M. & St. Paul Ry. Co. v. Hoyt, 44 Ill. App. 48.

But by a praecipe for part only of the record, followed by the clerk in making up and certifying the transcript "as per praecipe," the object of this appeal is not so apparent.

We have so often held that transcripts "as per praecipe" are insufficient, that we will not repeat the reasons. Wilkenson v. Linden Steel Co., 35 Ill. App. 448; Alling v. Wenzell, 46 Ill. App. 562. These cases having been many times followed since.

Not having before us the complete case as the Circuit Court had it, we do not know whether any error was committed or not, and therefore affirm the decree.