## Jacob Kuhn, Joseph Smart and Charles Bacharach v. The Imperial Building Company, for the use of George Cook.

1. Judgment—*Dependent upon Another—Reversal.*—Where there is one judgment dependent upon another, the reversal of the principal judgment reverses both.

Memorandum.—Garnishment. In the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding. Trial by the court; finding for plaintiff; appeal by defendant. Heard in this court at the March term, 1894, and affirmed. Opinion filed November 12, 1894.

Ullmann & Hacker, attorneys for appellants.

R. W. Morrison and Max Robinson, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

These are appeals by several garnishees summoned under the provisions of Sec. 1, Ch. 62, Garnishment, upon the judgment from which a writ of error was prosecuted in Imperial Bldg. Co. v. Cook, 46 Ill. App. 279.

Our decision there, reversing the judgment of the Circuit Court, has been reversed by the Supreme Court at the October term, 1894, and therefore there is now no place for the application of the doctrine that where there is one judgment dependent upon another, the reversal of the principal judgment reverses both. Cohen v. Smith, 33 Ill. App. 344; Alling v. Wenzall, 35 Ill. App. 246; S. C., 133 Ill. 264.

The only question now is whether the Building Company had property which the sheriff ought to have levied upon; that is, whether the garnishee process is, in this case, an abuse under the doctrine of Chanute v. Martin, 25 Ill. 63. The burden of showing the facts constituting an abuse was upon the garnishees, and they did not try to prove that there was any property on which the sheriff could have levied.

The case shows a good deal of general understanding that

the building company had a valuable leasehold largely incumbered, but no proof of it.

The hope of the building company, in whose interest these appeals seem to be prosecuted, was, no doubt, that our error in the other case, would be perpetuated by the Supreme Court.

That hope failing, the judgments against the garnishees, here appealed from, are affirmed.