## Daniel H. Tolman v. C. Gilbert Wheeler.

1. RECORDS—*Must be Complete.*—A judgment of a court of competent jurisdiction is not to be reversed upon a partial record; the whole record must be brought up. It is a question of jurisdiction which the parties can not waive.

**Memorandum.**—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Affirmed for want of a sufficient record. Opinion filed January 28, 1895.

MOSES, PAM & KENNEDY, attorneys for appellant.

HOFHEIMER, ZEISLER & MACK, attorneys for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The abstract of the record directs our attention to the fact that the transcript filed here was made by the clerk of the Superior Court to include only such portions of the record as were indicated by a precipe therefor.

Referring to the certificate of the clerk attached to the transcript, we find that he has certified to us, " a true, perfect and complete transcript of the record as per precipe filed," except as to the bill of exceptions, the original of which was, by stipulation of parties, used instead of a copy. Such a certificate is nothing more than saying that the transcript contains only such portions of the record as the clerk was directed by the precipe to incorporate into it.

Examining the precipe to determine the extent of such directions, we find that, omitting title of the cause and date, it reads as follows:

" Precipe for record.

The clerk of this court will please make a record of said cause as follows :

1. Narr. and cognovit.

2. Pleas, filed May 8, 1890.

Tolman v. Wheeler.

3.  Notice of set-off, filed February 2, 1892.
4.  Amended notice, filed March 1, 1894.
5.  Bill of exceptions, filed March 27, 1894.
6.  All orders of court.
7.  Appeal bond.
8.  Stipulation to use original bill of exceptions in Appellate Court.

_____ _____."

It is only necessary to read the precipe to observe that it is mere matter of conjecture whether the plea and notices of set-off particularly specified were the only defenses filed. Our general knowledge of what constitutes a complete record in cases prosecuted to judgment, suggests more than one important omission from a transcript so certified, but we do not particularize, and only allude to what may exist *dehors* the certificate for the purpose of illustrating the uncertainties that would attend the recognition of a practice of certifying records in such a defective manner.

A judgment of a court of competent jurisdiction is not to be reversed upon a partial record. The whole record must be brought up. It is a question of jurisdiction, that parties can not waive. Chap. 110, Sec. 73, Rev. Stat.

We have repeatedly held that a record so certified is not a complete record. Atkinson v. The Linden Steel Co., 35 Ill. App. 448; Alling v. Wenzel, 46 Ill. App. 562; Tolman v. Dreyer, 50 Ill. App. 243; North v. Allis, 50 Ill. App. 266; Culver v. Schroth, 54 Ill. App. 643, and same case in 153 Ill. 437; see, also, McEwen v. McEwen (No. 4827 this term, filed October 15, 1894).

It being impossible to say from such a certificate that we have a complete record before us, we will presume that the judgment of the Superior Court was correct, and it will be affirmed.