## Ignatz Deimel v. Thomas Parker, Jr.

1. APPELLATE COURT PRACTICE—*Partial Records.*—The court will not reverse a judgment upon a partial record of the court which rendered it.

2. PRACTICE—*Exceptions to a Master's Report.*—Exceptions to a master's report is proper only where he has come to a wrong conclusion; for any neglect to comply with the order of reference, a special application to the court for an order to have the defect repaired is the proper proceeding.

**Bill in Equity.**—Appeal from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Heard in this court at the October term, 1893. Affirmed. Opinion filed July 5, 1895.

Duncan & Gilbert, attorneys for appellant.

Moran, Kraus & Mayer, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The abstract is of a record here, twenty-eight pages, and contains intrinsic evidence that some thousands of pages, of which we can know nothing, are in the whole record in the Circuit Court.

The appellant's brief says: "The appellant is only bound to bring to this court so much of the transcript of the record as he deems sufficient to present the questions he desires to have determined by this court." We have so frequently given our reasons for holding that we can not reverse a judgment upon a partial record of the court which rendered the judgment, that we need not repeat them. But on this record, even treating it as complete, we see no ground for reversal.

The first thing to which appellant objects is that his first exception to a report of the master was overruled. The order of reference required the master to "report his conclusions, and specify particularly the evidence heard and considered by him," etc. The appellant objected that the direction to "specify particularly" was not obeyed. We can not tell. The reference by the master to other parts of the record may have been definite enough for all practical purposes with the record present. But if not, an exception to his report is not the way to reach the defect.

Exceptions are only proper where the master has come to a wrong conclusion. Tyler v. Simmons, 6 Paige 127.

For any neglect to fully comply with the order of reference, a special application for some sort of order to have the defect repaired is the proper proceeding. Same case.

The fragment of the record that is here shows that the suit was a bill in chancery to dissolve a partnership of three other Deimels, and that the appellant claimed—on a reference to receive proof of claims—to be a creditor of the part-

nership, as holder of some notes against it, which he had bought from a *bona fide* holder, but, as the master found, with the money of the firm paid to the appellant for the purpose of taking up the notes. His argument that he would have had a good claim against the firm upon the notes if the *bona fide* holder had given them to him, and therefore he was entitled to have them allowed, seems to us to have little application to a case where they were bought with the money of the firm.

The *bona fide* creditors of an insolvent firm do not divide with *mala fide*.

I have found no authority for this seemingly self-evident proposition, except Sec. 5 of the statute concerning "assignments for benefit of creditors," and the last line under "creditors" in the index to Dan. Chy., 2410.

The decree is affirmed.