60 647
165s 233

## Baltimore & O. R. R. Co. v. Frank J. Gaulter, Clerk, and Henry Best, Ex-Clerk, of the Circuit Court.

1. APPELLATE COURT PRACTICE—*Stipulations as to Record.*—The Appellate Court will not allow parties to stipulate what less than a complete record shall constitute the record for the court to act upon.

2. SAME—*Affirmance upon Incomplete Records.*—The Appellate Court will not reverse a judgment upon a partial record of the court that rendered it.

3. COURTS—*Power to Appoint Custodians of Moneys, etc.*—When a court by its order makes a particular person, not its clerk, a depositary of its funds, and such person, with a knowledge of its order, accepts the deposit, he becomes an officer of the court for the particular purpose of holding the fund, and is subject to the orders of the court concerning it. He may be adjudged in contempt if he fails, without good reason, to refund the money when ordered to do so.

4. SAME—*The Clerk as Custodian of Moneys.*—The statute makes the clerk responsible for all moneys coming to his hands by virtue of his office, and requires him to perform all duties pertaining to his office, as required by law, or the rules and orders of his court, but the statute does

not require the clerk to act as the depositary of funds paid into court, and he can be required to act as such only in pursuance of some order or rule of court.

5. CLERKS OF COURTS—*Not Receivers of Money of Litigants.*—The clerk of a court is not, by virtue of his office, a receiver of the court, and is not bound to receive moneys from parties litigant to hold subject to the result of litigation except under an order of court.

6. INTEREST—*Voluntary Depositaries not Bound to Pay Interest.*—If a person who is not bound to receive money as a deposit, does so as a volunteer with no agreement as to terms, except that he will repay when required, he is not bound to pay interest on the money while it remains in his keeping, even though it may yield a profit to him.

7. PRACTICE—*Joinder of Parties.*—It is improper to join the clerk of a court with his predecessor in a proceeding to require them to pay interest on funds alleged to have been received by them respectively while in office.

**Motion,** for a rule, etc. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

MORAN, KRAUS & MAYER, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order denying a motion of the appellant, a defendant in a certain cause in the Circuit Court, for a rule against the appellees, Gaulter, present clerk, and Best, a former clerk, of the Circuit Court, to pay into court, or to the appellant, interest on certain moneys which were deposited with the appellee, Best, as clerk of said court, in assumed pursuance of an order entered in said cause on November 6, 1889, and concerning which it was subsequently, on June 25, 1891, in pursuance of the stipulation of parties to said cause, ordered as follows:

" That the clerk of this court pay to the Illinois Trust and Savings Bank the funds now in his hands, and take a certificate of deposit therefor, which will bear interest at the rate of not less than two and one-half per cent per annum, and be payable five days after demand."

No such certificate of deposit was ever taken out by either of said clerks, and they both claim never to have had any personal notice or knowledge of said last mentioned order.

There is no question but that, under the final order of distribution entered in said cause, the appellant was entitled to the surplus of the fund so deposited with the clerk after other specified payments, nor but that the entire principal fund was paid over by the appellees, under appropriate orders.

The question is solely whether, under these proceedings, both or either of said clerks are, or is, liable for interest on the fund while in their custody.

It seems that after the order granting the injunction upon payment of the fund into court, the complainant deposited the fund with Best, the then clerk; that an appropriate memorandum thereof was made by Best in a book kept by him for the purpose of showing what funds were received by him as having been paid into court, and that on the same day the money so paid to him was deposited by him in the Illinois Trust and Savings Bank to the credit of a general account of court funds kept by him, as clerk, in said bank, and that it remained so deposited until his term of office ended in December, 1892, when it was transferred on the books of said bank, by his order, to the credit of an account opened in the same bank by Gaulter, his successor in office, and that it thereafter there remained until it was finally all paid out by Gaulter under orders of court. The account into which the fund was deposited and kept in the bank was not a special one with this particular fund, but included all moneys received by either Best or Gaulter, as clerks, to be held pending litigation and the further orders of the court; and when the balance was transferred by Best to Gaulter it was done by a single check for the amount of all moneys so held; and it may be noted that the bank was the same one that was specified in the order of June 25, 1891, directing the clerk to pay the money into bank, and take a certificate of deposit therefor drawing interest.

It was proved, and is not denied, that during all the time

of such deposit the bank paid interest at the rate of two per cent per annum to one or the other of said clerks personally, each month, on their daily average balances in excess of $1,000. The original order awarded a temporary injunction as prayed, "upon complainant paying into court the sum of $31,683.63, as offered to be done by it in the bill of complaint."

What the bill was, we have no means of knowing. It is not shown, either in the abstract or the transcript of the record.

The clerk's certificate to the record is that it is a "transcript of the record prepared according to praecipe," etc., * * * in the cause "between Pullman Palace Car Company, complainant, and Ohio and Western Coal and Iron Company et al., defendants;" and the praecipe, entitled as in that cause, requests the clerk to "prepare a transcript in the above cause for the Appellate Court and include therein only the following orders entered and papers filed in said cause," and then follows a specification of various orders and motions, but omitting all pleadings, except the answers of the appellees to the rule upon them to answer the motion of appellant why they should not pay the interest in question, and numerous proceedings, which it is obvious would be made to appear upon a complete record.

The appellant in its brief seeks to excuse the fact that the record is incomplete, on the ground of a stipulation entered into at the hearing, which is stated in the abstract as follows:

"It was stipulated between counsel for the respective parties that the original cause in which the orders introduced in evidence were entered, was an ordinary bill of interpleader; that the case was at issue at the time of the hearing and final decree; that as between the parties to the cause the court had the right to enter the order of June 25, 1891, and the respondents in no way attack the jurisdiction of the court to enter the interlocutory orders of October 28, 1889, or of June 25, 1891, or the final decree of distribution."

That stipulation manifestly was for the purposes of the hearing below, only. And if it were not, it can not be allowed that parties may stipulate what, less than a complete record, shall constitute a record for this court to act upon. Heffron v. Rice, 50 Ill. App. 332; Stock Quotation Telegraph Co. v. Chicago Board of Trade, 144 Ill. 370.

Moreover, counsel for appellees here insist that the stipulation was only intended for the hearing below, and object to the cause being heard here upon this incomplete record.

It has been uniformly held that we can not reverse a judgment upon a partial record of the court that rendered the judgment. Deimel v. Parker, 59 Ill. App. 426; Tolman v. Wheeler, 57 Ill. App. 342; Culver v. Schroth, 152 Ill. 437.

It might be that if the clerk in certifying the record should have stated that it was a full and complete transcript of the record, etc., in this proceeding of the Baltimore & Ohio Railroad Company v. the appellees, etc., it would have been good, but certified as it was, it falls within what has been uniformly condemned.

There are, however, a few considerations that we may make, showing that upon the record that is here the judgment of the Circuit Court should be affirmed.

The order granting the injunction conditionally upon the money being paid into court, did not specify that it should be paid to the clerk as such, but " into court."

That there may be some rule or general order of the Circuit Court that prescribes that moneys paid into court shall be deposited with the clerk, would quite likely appear if the whole record of the case as heard below were before us.

Where the court by its order has made a particular person, even though not its clerk, a depositary of its funds, and such person with knowledge of such order accepts the deposit, he becomes an officer of the court for the particular purpose of holding the fund, and is subject to the orders of the court concerning the fund, and may be adjudged in contempt if he fails, without good reason, to refund the money.

when ordered so to do.    In re West. M. &. F. Ins. Co., 38 Ill. 289.

And so much the more would the clerk of the court, if made the depositary, be subject to contempt proceedings if he failed to refund.

But in this case the money was deposited by the complainant in the original suit, with the clerk, Best, without any order, so far as this record shows, making him the specific depositary of the fund, and all the money so deposited has been paid out upon orders of the court, by Best and his successor in office, Gaulter.

The statute makes the clerk responsible for all moneys that may come to him " by virtue of his office," and requires him to perform all duties pertaining to his office, as required by law or the rules and orders of court.    Rev. Stat., Ill., Chap. 25, Secs. 4 and 13.

The statutes do not require the clerk to act as the depositary of funds paid into court, and he can be required to act as such only in pursuance of some order or rule of court which this record fails to disclose.

It can not be said that in the absence of some rule or order of court, moneys paid to the clerk by parties litigant to hold subject to the result of litigation, come to him by virtue of his office, as there is no statute requiring him to take and hold such moneys, and so far as this record shows, no rule of court upon the subject.

As said in Hammer v. Kaufman, 39 Ill. 87, " the clerk is not, by virtue of his office, a receiver of the court, and is not bound to receive such deposits except under an order of the court."

Doubtless, the clerk having received the money voluntarily paid to him in pursuance of an order to pay it into court, was bound to obey the orders of the court concerning its subsequent disposition.

But that a person, whether he be a clerk or not, who is not bound to receive money as a deposit, yet does so as a volunteer, with no agreement as to terms except that he will repay when required, is bound to pay interest on the money

so deposited while it remains in his keeping, even though the money may yield a profit to him, is, we think, not supported by reason or authority.

It seems to have been satisfactorily shown that the order of June 25, 1891, directing the clerk to take an interest-bearing certificate for the money, was entered without notice to the then clerk, Best, and that neither he nor his successor, Gaulter, ever had actual notice of the existence of the order until about the time these proceedings to require them to pay interest were begun. No mention of the order was made between themselves, when, in December, 1892, Best transferred this fund by a single check, including it and all other moneys deposited with him, to Gaulter, and it is quite clear that neither clerk ever had actual knowledge of the order.

Whether the clerk of a Circuit Court, composed of fourteen judges, like that of Cook county, each of whom holds a separate branch of the court and is furnished with a minute clerk, is bound with constructive notice of all orders entered by each and all of said judges, and that such constructive notice passes along from one clerk to another as they may succeed one another in office, need not be decided, although it seems improbable that it should be so held.

And it need not be decided, for the reason that even though it should be held that they or either of them had constructive notice, it was improper to join the two clerks in the same proceeding. Their liability, if at all, was separate and distinct—that of Best, the ex-clerk, for the interest received by him, and that of Gaulter, the present clerk, for what interest he received, and no more. It was clearly proved that neither one ever received any part of the interest paid to the other, and they should not have been joined in the proceedings.

The order will be affirmed.

Mr. Presiding Justice Gary.

The whole record of the original Pullman Palace Car Co. v. Ohio & Western Coal & Iron Co. et al., need not come into such a case as this.

The application of the Baltimore & Ohio Railroad Company to compel the clerk to pay money claimed by it, would appropriately commence by a petition, or motion based on affidavits, with notice to the clerk, and then so much of the record of the original case as might be material would, on the hearing of the petition or motion, come in as evidence, and be incorporated in a bill of exceptions, should either party wish to have the decision reviewed.

Thus the transcript of the case could be complete, and so certified, upon putting into it what would be, in fact, the record of the special proceeding against the clerk.