## United Shirt & Collar Co. et al. v. Manascha Pitzile et al.

1. EQUITY PRACTICE—*Exceptions to a Master's Report.*—Exceptions to a master's report are proper only where the master has come to an erroneous conclusion upon some matter referred to him to ascertain and decide and to report upon as the immediate subject of the reference.

**In Equity.**—Bill for relief. Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed October 22, 1896.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for plaintiffs in error, contended that where the defendant has equities arising out of the subject-matter of the original bill as to which he is entitled to affirmative relief, he must file, to acquire such relief, a cross-bill. And that as a rule a court of equity will adjust the rights and interests of all parties to the suit in the subject-matter. Quick v. Lemon, 105 Ill. 578, 585; Howe v. South Park Commissioners, 119 Ill. 101, 113; Tarleton v. Vietis, 1 Gill. 470; Mason v. McGirr, 28 Ill. 322; White v. White, 103 Ill. 438, 440; Ballance v. Underhill, 3 Scam. 453, 461; Edwards v. Helm, 4 Scam. 142, 146; McConnell v. Smith, 23 Ill. 611.

MOSES, PAM & KENNEDY, attorneys for defendants in error.

It is alleged in the pleadings filed in this case that on

June 8, 1892, the United Shirt & Collar Co. obtained judgment against Manascha Pitzile for $69.75 and costs, and Abraham Beilman and Lipman Hess, partners, obtained judgment against said Pitzile for $139.94 and costs. The pleadings also set forth that each of said judgments was obtained in the Superior Court of Cook County, and that on the day following their rendition executions were issued on each to the sheriff of Cook county, wherein the said Pitzile then resided, and that said executions, after demand being made thereon, were returned at the end of ninety days, *nulla bona*, by said sheriff. On May 8, 1894, said Pitzile acquired title by sheriff's deed to real estate in Cook county, formerly owned by one Kratzenberg, against whom Pitzile had obtained judgment. Kratzenberg filed a bill in equity to set aside said sheriff's deed and recover title to said property, making appellants and said judgment creditors parties defendant thereto; the judgments against Pitzile being liens on the real estate acquired by him under said sheriff's deed. The judgment creditors answered said bill, and also filed a cross-bill, making Kratzenberg and Pitzile defendants thereto, alleging the obtaining of said judgments and issuance of execution thereon and return thereof *nulla bona;* also that their judgments were liens on the interest or title of said Pitzile; that said Pitzile had neither property nor assets, except his interest in said land or his judgment against Kratzenberg, and prayed that cross-complainants' rights be protected, and if said sheriff's deed be set aside and Pitzile divested of title, Kratzenberg be decreed to pay cross-complainants the amounts of Pitzile's judgment against Kratzenberg, the same to be applied in payment of cross-complainants' judgments against Pitzile, and prayed, generally, for other and further relief. The cross-bill, being at issue by answers and replications, was referred with the original bill to a master in chancery, with directions " to take proof and report on law and evidence." The master reported, finding that the original complainant was entitled to the relief prayed for by him, on payment to said Pitzile of the amount for which said property was sold, $374.74, with interest from

the date of the sale by the sheriff, and $50 attorney's. fees, and further reported his finding that said " judgment creditors " were not entitled to any relief in this proceeding, and that their cross-bill should be dismissed for want of equity, and that costs be adjudged against them. Cross-complainants filed the following objections and exceptions to the master's finding :

" That the said master has not found whether the allegations in said cross-bill are sustained by the evidence offered.

For that said master finds that said cross-complainants are not entitled to the relief prayed by their said cross-bill, and that the said cross-bill be dismissed for want of equity."

The court confirmed the master's report in all respects, save that it ordered that Kratzenberg, as a condition of relief, pay $250 as attorneys' fees for the services of the solicitors of Pitzile, and otherwise entered a decree according to the finding of the master. To reverse which decree this suit is prosecuted.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The objections and exceptions to the master's report were properly overruled.

If the master, under the order of reference, should have found " whether the allegations in the cross-bill were sustained by the evidence," the court should have been asked to set aside the report, or to re-refer the cause to the master with directions to make such report.

Exceptions to a master's report are proper only when the master has come to an erroneous conclusion upon some matter referred to him to ascertain and decide, and to report upon as the immediate subject of the reference. Tyler v. Simmons, 6 Paige Ch. 127–131; Douglas v. Merceles et al., 9 C. E. Green 25–26; McMannomy v. Walker, 63 Ill. App. 259; Deimel v. Parker, 59 Ill. App. 426.

The second exception was insufficient in that there was no pointing out, or reference to, any evidence which required the master to find otherwise. Brown v. McKay, 51 Ill. App. 295; 2 Daniell's Ch. Pr., 1316, 5th Am. Ed.

Even if the exceptions taken to the master's report had been such as to raise the questions mentioned therein, the evidence presented to the master is not set forth in the abstract here filed in such a manner that we can review the decree entered upon the approval of the master's report.

The decree of the Superior Court is affirmed.