T. B. MAGRUDER AND WIFE *v.* E. M. EGGLESTON AND WIFE.

1. MORTGAGOR AND MORTGAGEE: DECREE OF FORECLOSURE FOR INSTALMENT NOT DUE AT TIME OF FILING BILL.—A bill to foreclose a mortgage to secure money due by instalments may be exhibited upon the non-payment of the first instalment, and if all the instalments become due before the final hearing, they may be included in the decree of foreclosure.

2. SAME: CHANCERY PRACTICE: DECREE OF FORECLOSURE FOR NOTES NOT DUE AT TIME OF FILING BILL.—A bill to foreclose a mortgage to secure the payment of notes, some of which were not due at the time of the filing of the bill, must set out the notes not due, and pray that they be embraced in the decree of foreclosure, if they should become due before that time, or, if this is omitted, a supplemental bill may be filed, to include in the decree the notes not due at the time the original bill was exhibited.

3. SAME: SAME: DECREE OF FORECLOSURE.—A decree of foreclosure of a mortgage which directs that all of the mortgaged property, or so much thereof as may be necessary to pay the debt and cost, shall be sold, is not erroneous.

APPEAL from the Chancery Court of Claiborne county. Hon. Hiram Cassidy, chancellor.

*J. B.* and *S. Thrasher*, for appellants, contended:

Magruder et ux. *v.* Eggleston et ux.

1. That it was error for the court to decree a sale for notes not due at the time of the filing of the bill. It is a general principle that no cause of action can be maintained, or judgment or decree rendered, for a cause of action not existing at the time of commencement of the suit.

A supplemental bill may be filed not only to insist upon the relief prayed for in the original bill, but upon other relief, where the facts which have since occurred require it. Story's Eq., § 336; Adams' Eq. 873.

2. That the decree should have been only for so much of said property as was required to pay off the notes due at the time of the filing of the bill. 2 B. Munroe, 204; 8 Porter's R. 284–5; *James* v. *Fish* 9 S. & M. 144.

*John B. Coleman*, for appellees, contended: 1. If any part of the bill is good and entitles the complainant either to relief or discovery, a demurrer to the whole bill cannot be sustained. *Livingston* v. *Livingston*, 9 Peters' R. 658; 3 Rand. 598; 1 S. & M. Ch. 23–24; 5 Paige, 137; 1 Metcalf, 241; Story's Eq. Pl., 412; 1 Johns. Ch. R., 51–7; 1 Daniel's Ch. Pr., 604–605, 608, 650, 651.

2. Where a mortgage is given to secure several notes, it becomes forfeited upon the non-payment of the first, and if a bill is then filed, the court having jurisdiction of the cause of action and of the parties, will, if the bill is properly framed, order a sale of the property for the payment of notes that may mature before the final-hearing. *Adams* v. *Essex*, 1 Bibb., 150; *James* v. *Fish*, 9 S. & M. 153; *Brinkerhoff* v. *Thalimer*, 2 John. Ch. R. 486; 1 Ib. 617; 4 Ib. 534; 3 Munf., 412; 8 Porter's Ala. 484.

HANDY, C. J., delivered the opinion of the court.

This bill was filed by the appellees on the 15th August, 1859, to foreclose a mortgage executed by the appellants to secure the payment of five promissory notes, the first three of which had been paid; the fourth being due on the 1st January, 1859, and the fifth to become due on the 1st January, 1860. The

prayer is for an account of the several amounts due on these two notes, provided the last should have become due and remain unpaid at the final hearing. At October term, 1859, the appellants filed a demurrer, which was overruled, and time allowed them to answer. At April term, 1860, and after the expiration of the time allowed for their answer, a *pro confesso* was taken against them; and at October term, 1860, an account was taken of the amounts due on both notes, and a decree of foreclosure made, ordering a sale of all the mortgaged property, or so much thereof as should be necessary to realize the amount found due the appellees, together with costs and charges.

The first and main error assigned is, that the decree was made for the payment of a note not due at the time the bill was filed, and on which no right of action had accrued at that time.

It appears that this note, though not due at the time the bill was filed, became due several months before the final hearing of the cause. If neither of the notes had become due at the time the bill was filed, there could be no doubt that no bill could have been filed to foreclose the mortgage as to either of them. But, where one of them had become due, that gave the right to proceed for a foreclosure as to that, because the mortgage was forfeited; and it appears to be sanctioned by very respectable authorities and sustained by good reason, that in such a case it is competent to include in the decree of foreclosure other notes embraced in the mortgage not due at the time of filing the bill, but which became due before the final decree.

This rule commends itself as one of justice to the mortgagee, and as working no injury to the mortgagor. It enables the former to obtain no more than his just rights, and it saves the latter from the expense of a new suit or suits to enforce the mortgage, as subsequent notes may become due after the filing of the bill. It is in accordance with the general principle of equity law to prevent multiplicity of suits. And in many cases it may be absolutely necessary to the purposes of justice that such a course should be pursued, as in the common case

of one specific and indivisible piece of property being conveyed by the mortgage, and being the only security for several instalments of debt. In such a case, if the property were sold only for the payment of the instalment due at the time the bill was filed, and it was sold under the decree for a much larger sum than that due by the decree, the surplus would have to be paid over to the mortgagor, and would be beyond the power of the mortgagee, and all benefit of the security of the mortgage for the other instalments unpaid might be lost to him. Thus the mortgagee would either be compelled to wait until all the instalments were due, before filing his bill to foreclose, when he had the legal right foreclose for any of the instalments as they became due; or to take the hazard, in foreclosing for a part of his debt, to lose the right of having the full value of the mortgaged property applied to the payment of so much of his debt as might be due at the date of the decree of foreclosure.

This view of the subject is sanctioned by the cases of *Adams* v. *Essex*, 1 Bibb. 149; *Mussina* v. *Bartlett*, 8 Porter, 284, and by this court in *James* v. *Fisk*, 9 S. & M. 144, 153, which refers to other authorities with approbation.

It appears to be conceded by counsel for the appellants, that it would have been proper to include in the decree the note that fell due after the bill was filed and before the decree, if a supplemental bill had been filed for that purpose. But the bill, as filed, sets out that note and its time of maturity, and prays that it may be embraced in the decree of foreclosure, if it should become due and remain unpaid at the time when the decree should be made. Under this state of the case, the mortgagors would have been entitled to all the benefit of defence on account of that note after its maturity—which was some nine months before the final decree—that they would have had if a supplemental bill had been filed to include that note in the decree. No prejudice, therefore, was done them by including it in the decree, without a supplemental bill, inasmuch as they had notice by the original bill that that was sought to be done. A supplemental bill would then have been a mere matter of form

in doing that which was substantially done in the original·bill; and it would have been attended with additional expense.

The remaining ground of error assigned is, that all the property conveyed in the mortgage was decreed to be sold, instead of so much as was necessary to pay the debt and costs.

But this is manifestly not a proper construction of the decree. It directs that all the mortgaged property, or so much of it as should be required to pay the debt and costs, should be sold. In practical effect, this means that all the property may be sold, if the whole of it should be required to pay the debt and costs; but that only so much of it as should be necessary for that purpose should be sold.    This objection is without force.

Let the decree be affirmed.

ELLETT, J., having been of counsel for the appellants, did not sit in this case.