Tolman v. Dreyer, opinion filed with this, contains, in words and references upon this subject of abstracts, enough for the present. The decrees are affirmed.

---

## Tolman et al. v. Dreyer et al.

1. Practice in Appellate Court—*Incomplete Records.*—A certificate of a clerk to the transcript of the record stated that it was "a true, perfect and complete transcript of the record as per *præcipe* for record filed," and was followed by many pages which are entitled exhibits, but not certified to at all. *It was held*, that upon such a certificate the cause can not be reviewed.

**Memorandum.**—Foreclosure proceedings. In the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Trial by court; decree for complainants; appeal by defendants. Heard in this court at the March term, 1893, and affirmed. Opinion filed May 11, 1893.

The opinion states the case.

John G. Henderson, attorney for appellants.

Lackner & Butz, attslyoerneecsl. for aepp

Opinion of the Court, Gary, P. J.

This court is relieved from the duty of looking into the merits of these cases by the state of the records.

The certificate of the clerk to the transcript in each case is, that it is "a true, perfect and complete transcript of the record or per *præcipe* for record filed." In each case, that certificate is followed by many pages which are entitled exhibits, but are not certified at all. Upon such a certificate it has been often held that the case can not be reviewed. See Allen v. North, No. 4674, this court, opinion filed April 4, 1893. The reason is obvious.

How can it be said that a court erred in entering a particular judgment or decree, unless all that was before that court is seen? Any judgment or decree can be shown not to be warranted by a part only of the proceedings. Omit the process on a judgment by default; the declaration; the finding or verdict, if not by default; and there is no basis for the judgment. Or, in chancery, omit the essential preliminaries to a decree for the complainant, and it will appear to be erroneous. And unless the whole record is on view, it is wholly conjectural whether errors apparent on a part of it, would be removed by what might appear on another part.

Nor are the abstracts such as we would act upon. For example, the abstracts show that the testimony on the part of the appellees, which is condensed into a couple of pages in each abstract, occupies in the records in the one case, twenty-one pages, and in the other, twenty-five pages, and there is no reference in the abstracts to the particular page upon which any item of the testimony may be found. This defect is much greater as to the testimony put in by the appellants. Admonition on this subject has also been frequent. Geraty v. Druiding, 44 Ill. App. 440; Israel v. Town of Whitehall, 2 Ill. App. 509; Allison v. Allison, 34 Ill. App. 385; Medley v. Mix, 34 Ill. App. 550; Paul to the Hebrews, 11, 32.

The bill was filed by the appellees to foreclose a trust deed. If the appellants have any interest in the property, it is under some of the supposed exhibits. Their defense was affirmative; that the appellees had made false repretions.

If the whole case was before us, the conclusion arrived

at below upon the conflicting parol evidence, would probably not be disturbed.

The decrees are affirmed.