ELLA J. CULVER

*v.*

C. F. SCHROTH *et al.*

*Filed at Ottawa November 27, 1894.*

1. DECREE—*presumed correct in absence of complete record.* In the absence of a complete record the decree of the lower court will be supported by every reasonable intendment; and if errors appear on the face of a fragmentary record, it will be presumed, if the hypothesis is reasonable, that the omitted portions of the record would have cured them.

2. MECHANIC'S LIEN—*repugnancy in decree reconciled in absence of evidence.* Where the evidence is not preserved in the record, the finding in the decree that one building was erected upon two lots will be conclusive, on appeal, notwithstanding the report of the master, which was confirmed by the court, contained a finding that there were two separate buildings.

3. SAME—*statement of wrong date of payment not fatal.* The statute does not require that the time for the payment for materials should be named in the statement filed with the clerk, and the recital of a wrong date of payment therein will not invalidate such statement, but may be treated as surplusage.

4. SAME—*improper item will not defeat lien.* The fact that an item of indebtedness for which no lien is given by the statute, and which is easily separable from the remainder of the debt, is by mistake inserted in the statement for a mechanic's lien, will not defeat the lien, in the absence of fraud, if no party is prejudiced thereby.

*Culver* v. *Schroth*, 54 Ill. App. 643, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

Mr. LOUIS BOISOT, for the plaintiff in error :

Our statute declares that any person who shall furnish labor or materials by contract with the owner of any lot or piece of land "shall have a lien upon the whole of such tract of land or lot." (Rev. Stat. chap. 82, sec. 1.) In construing this statute this court has uniformly held that two distinct buildings, situated on two different city lots, cannot be included in one lien. *Steigleman* v. *McBride*, 17 Ill. 300; *Culver* v. *Elwell*, 73 id. 536; *Major* v. *Collins*, 11 Ill. App. 658; *Stock Yards* v. *O'Reilly*, 58 Ill. 546; *James* v. *Hambleton*, 42 id. 308; *Orr* v. *Insurance Co.* 86 id. 260.

Schroth & Ahrens were not entitled to any lien because they did not file a separate claim for lien against each lot. There is an abundance of authority from other States where similar statutes are in force, to the effect that where houses are built on distinct tracts of land, a separate lien claim must be filed against each house and lot for the materials used therein. *Hill* v. *Braden*, 54 Ind. 72; *Hill* v. *Ryan*, id. 118; *Wilkerson* v. *Rust*, 57 id. 172; *McGrew* v. *McCarty*, 78 id. 496; *Larkins* v. *Blakeman*, 42 Conn. 292; *Bank* v. *Rockaway Manf. Co.* 16 N. J. Eq. 158; *Fitzgerald* v. *Thomas*, 61 Mo. 499; *Fitzpatrick* v. *Thomas*, id. 512; Phillips on Mechanic's Liens, (3d ed.) secs. 376, 377; 2 Jones on Liens, (2d ed.) sec. 1312.

Where a statute requires the lien claim to be filed within a limited time after a certain event, a lien claim filed before that event occurs is premature and of no effect. *Davis* v. *Bullard*, 32 Kan. 234; *Catlin* v. *Douglass*, 33 Fed. Rep. 569; *Seaton* v. *Chamberlain*, 32 Kan. 239; *Roylance* v. *Hotel Co.* 74 Cal. 276; *Schwartz* v. *Knight*, id. 432; *Conroy* v. *Perry*, 26 Kan. 472; *Squires* v. *Abbott*, 61 N. Y. 530; *King* v. *Greenway*, 71 id. 413.

The rule is, that where a material fact is alleged with unnecessary particularity, the particulars are material. Gould's Pl. p. 143, chap. 3, sec. 171; 1 Chitty's Pl. *254; *Raymond* v. *People,* 9 Ill. App. 345; *Olson* v. *Pennington,* 37 Minn. 298; *Goss* v. *Strelitz,* 54 Cal. 640.

Messrs. PEASE & McEWEN, for the defendants in error:

The sufficiency of the petition had been before the Appellate Court on a former appeal, (*Schroth* v. *Black,* 50 Ill. App. 168,) and such sufficiency sustained. This, at least as to the Appellate Court, was *res judicata. Moshier* v. *Norton,* 100 Ill. 63; *Tucker* v. *People,* 122 id. 583; *Mix* v. *People,* id. 641; *Newberry* v. *Blatchford,* 106 id. 584.

A mechanic's lien decree, like a judgment at law, preserves itself. No findings are necessary to sustain it. No evidence need be saved. All that is necessary is a simple finding in the decree that petitioner has proved his petition, is entitled to a lien for so much, and adjudging a lien upon the premises, in default of payment of which such premises to be sold, etc. *Kidder* v. *Aholz,* 36 Ill. 478; *Jennings* v. *Hinkle,* 81 id. 183; *Lewis* v. *Rose,* 82 id. 574; *Drennan* v. *Huskey,* 31 Ill. App. 208.

To consider a judgment for insufficiency on the record, a motion in arrest of judgment must appear on the record. *Miller* v. *Gable,* 30 Ill. App. 578; *Dole* v. *Kennedy,* 38 Ill. 283.

One contract, one owner, one lien claimant, one improvement, built at the same time, side by side, contiguous, although covering two lots of a subdivision, gives a single lien. Phillips on Mechanic's Liens, (3d ed.) p. 648, sec. 369.

The contract, construed in connection with the statute, is the basis of the lien, and measures it. *Clark* v. *Moore,* 64 Ill. 273; *Paddock* v. *Stout,* 121 id. 575; *Franklin* v. *Taylor,* 131 id. 386.

Where the statement of lien contains items for which no lien exists, if such items are separable and were not

included by fraud, and did not injure anybody, such items do not invalidate the lien.    Phillips on Mechanic's Liens, (3d ed.) sec. 355; *Mitchell* v. *Penfield*, 8 Kan. 186; *Hopkins* v. *Forester*, 39 Conn. 350; *Barber* v. *Reynolds*, 44 Cal. 520; *Albrecht* v. *Lumber Co.* 26 Neb. 157; *Church* v. *Trout*, 28 Pa. 153.

The purpose of the statute in using the language "within four months after," etc., was to fix a point of limitation,—not a period having a limitation in its beginning and in its ending.    We contend that it stands on the footing of the sub-contractor limitation as to service of notice, which may be served any time after contract. *Cary-Lombard Co.* v. *Fullenwider*, 150 Ill. 629.

The law does not require time of payment to be stated. It is a matter of outside proof, and the inserting of a time of payment cannot, in reason, bar the claimant.    The purpose of the statement is notice, and certainly, to a common intent, is sufficient.    Phillips on Liens, sec. 360.

The lien docket—not the statement—is the record. *Armstrong* v. *Hollowell*, 35 Pa. St. 485.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was a petition by C. F. Schroth and Henry Ahrens, co-partners, under the firm name of Schroth & Ahrens, for a mechanic's lien.    The petition alleges, among other things, in substance, that R. J. and S. U. Anderson, two of the defendants, being about to erect a flat-building on lots 22 and 23, in Douglas Park addition to Chicago, of which they were then the owners in fee, contracted with the petitioners, who were dealers in sash, doors, blinds, frames, mouldings and kindred mill and stair-work, for the mill-work, stairs, and other like building materials to be used in and about the construction of the defendants' building; that no particular amount of material was specifically contracted for, nor were the kinds and qualities specifically named, nor the time or times for the delivery thereof definitely fixed, but

it was understood and agreed by and between the petitioners and the Andersons, that the petitioners should furnish and deliver to them such qualities of mill-work and other material as the petitioners might have for sale and the Andersons might need in the construction of their building, and as they might call for and order during the erection thereof, the building to be completed on or before January 1, 1892, and all the materials contracted for to be furnished within that time, the same to be paid for by the Andersons, at the usual market prices, within sixty days from the first of the next month after their delivery; that in pursuance of this contract the petitioners commenced furnishing and delivering mill-work and materials for the building April 28, 1891, and continued thereafter to furnish and deliver such mill-work and materials until August 7, 1891, and that all the mill-work and materials so furnished were actually used by the Andersons in the construction of their building on the lots above described; that nothing had been paid to the petitioners for the materials so furnished, and that there was then due them therefor the sum of $981.64, and interest thereon from the time payments therefor became due, respectively; that on October 9, 1891, the petitioners caused to be filed in the office of the clerk of the circuit court a just and true statement of the account due, after allowing all credits, setting forth the times when the materials were furnished, and containing a correct description of the property to be charged with the lien, verified by affidavit, and a copy of such statement was appended as an exhibit to the petition.

The petition made the Andersons, David A. Black, who seems to have purchased the property subject to the petitioners' lien, and certain other parties, defendants. The affidavit verifying the statement appended to the petition contains, among other things, the following recital: "The said materials were to be paid for sixty days from the first of the month next after delivery."

The petition was subsequently amended, by leave of the court, by striking therefrom the allegation that the materials were to be paid for within sixty days after the first of the next month after delivery, and inserting in lieu thereof an allegation that they were to be paid for sixty days after the respective deliveries. By a further amendment to the petition it was alleged that the recital in the statement filed with the clerk of the circuit court that the materials were to be paid for sixty days from the first of the month next after delivery was erroneous, the fact being that they were to be paid for sixty days after the delivery of each item, respectively, and that such erroneous recital as to the time of payment was inserted in the statement by misapprehension and mistake.

Ella J. Culver and another, who, as the decree finds, purchased the premises of defendant Black *pendente lite*, were afterwards made defendants, and Ella J. Culver first joined in a demurrer to the petition filed by Black, and that being overruled, she answered denying the equities of the petition. The master, on reference to him, took proofs and made his report, and the cause coming on to be heard, a decree was entered finding that all the material allegations of the petition were proved, and that the equities of the case were with the petitioners. The decree accordingly established a lien in favor of the petitioners upon the premises described in the petition for $1083 and costs, and ordered the premises sold for the satisfaction thereof.

To reverse this decree, Ella J. Culver appealed to the Appellate Court, and her attorney, by his *præcipe* filed with the clerk of the circuit court, directed that in making up the transcript to be used upon the appeal, the clerk should insert therein only the following papers, viz.: The petition and two amendments thereto; the order making Ella J. Culver and another, parties defendant; the order of reference; the separate answer of Ella J. Culver; so much of the master's report as contains his

conclusions, but omitting the evidence; the objections and exceptions to the report; the final decree and the appeal bond; and the clerk, in making up the transcript, inserted in it copies of the portions of the record thus specified, and certified that it was a true, perfect and complete transcript of the record as per *præcipe.* Upon the record as thus presented the Appellate Court affirmed the decree, and the record now comes to this court by writ of error.

Upon well established principles, it must be held that, in the absence of a complete record, the decree of the circuit court will be supported by every reasonable intendment and presumption. Accordingly, if there are errors apparent upon the face of the fragmentary record before us, and there may be, upon any reasonable hypothesis, other portions of the record by which those apparent errors may be obviated or cured, it will be presumed, in support of the decree, that such portions of the record exist and have been omitted. In view of these presumptions, it is, to say the least, doubtful whether any questions can arise upon such record which a reviewing court can be called upon to consider. See *Atkinson* v. *Bank of Waterville*, 85 Me. 368; *Johnson* v. *Dryer*, 50 Ill. App. 243.

But waiving that view, we will consider, briefly, the points urged upon our attention by the counsel for the plaintiff in error. He insists, in the first place, that the decree is erroneous because it gives the petitioners one lien upon both of the lots in question for their entire claim, the contention being that separate buildings were erected on the two lots, and that one-half of the materials furnished went into each building, and, therefore, that a separate lien should have been declared for one-half of the petitioners' claim on each lot.

To the point thus made it may be said that the petition alleges the erection of but one building situated on the two lots, and the decree finds that all the material allegations of the petition are proved. This finding of the

decree, the evidence not being before us, is conclusive of the fact that there was but one building, and that it was so built as to be partly on each lot. But our attention is directed to the fact that the master, in his report, found, among other things, that there were two separate buildings, one on each lot, under separate roofs, and that one-half of the materials furnished by the petitioners went into each building, and that the decree, in express terms, approved and confirmed the master's report. It must be confessed that it is difficult to explain this peculiar state of the record, viz., that the court, after confirming the master's report, should proceed, in its decree, to find the facts different from the findings of the master. Doubtless if the entire record were before us, and especially if the evidence had been brought up, the proper explanation would have been apparent. It could then have been seen whether the facts, as proved, were as found by the master or as established by the decree. But in the absence of a complete record we must presume, in a mechanic's lien suit, that the evidence sustained the decree, and that in this particular the court, for some reason which the present fragmentary record does not disclose, overruled this particular finding of the master, and was warranted in so doing by the evidence.

Again, it is insisted that the statement filed by the petitioners with the clerk of the circuit court was insufficient to sustain the lien, because it erroneously stated the terms of the contract as to the times when payments for the materials furnished were to be made, the statement reciting that payment was to be made sixty days after the first of the month following the date of delivery, while by the terms of the contract payments were to be made sixty days after the respective deliveries. The amendments to the petition by which this error was corrected allege that the error occurred in consequence of a misunderstanding between the petitioners' manager and the party who drew up the statement, and it must be

assumed, from the findings of the decree, that this allegation was proved.

It should be noticed that the terms of the statute requiring creditors or contractors who wish to avail themselves of the provisions of the Mechanic's Lien law to file a statement of their account or demand with the clerk of the circuit court, do not make it necessary that such statement should show the date of the maturity of their claims. The statute requires the creditor or contractor to file "a just and true statement, or account or demand, setting forth the times when such material was furnished or labor performed, and containing a correct description of the property to be charged with the lien." Manifestly, under this statute there was no necessity of including any statement as to the times when payment was to become due. And there is no claim or suggestion that the date of payment was set forth, and set forth erroneously, with any fraudulent intent or from any improper motive, or that any person was or could have been in any degree prejudiced thereby. Under these circumstances we should be very reluctant to hold that the insertion of such unnecessary matter, though untrue in point of fact, should have the effect of vitiating and rendering nugatory the statement filed for the purpose of preserving the lien. It being wholly unnecessary, it may be rejected as surplusage, or it may at least be treated as not impairing the sufficiency of the statement for the purpose for which it was filed.

Again, it is contended that the statement filed is void and ineffectual because the petitioners inserted therein an item of $3.50 for a wagon tongue which was broken in drawing materials to the building. It must be admitted that this was an item for which no lien could be claimed, and it was so held both by the master and the court, and the item consequently was not included in the sum for which a lien was established by the decree. But the plaintiff in error insists that the Mechanic's Lien law should

be so strictly interpreted as to hold that the mere insertion of this item in the statement filed should defeat the lien.

The court, in its decree, found that this item of $3.50 was a proper charge in favor of the petitioners and against the Andersons personally, and that its insertion in the lien statement occurred by mistake, and was not willful, and that its insertion in no way injured any of the defendants, and, for the reasons already stated, it will be presumed that this finding was sustained by the evidence.

We are referred to certain decisions of the courts of other States where an interpretation of their statutes apparently as strict as that contended for here seems to have been adopted, but the views there announced do not meet with our approbation. This court has adopted and has always adhered to the rule that mechanic's lien laws, being in derogation of common right, should be strictly construed, but at the same time the construction to be given to them should be reasonable, and not such as to render them practically inoperative and ineffectual. We are of the opinion that the insertion in the lien statement of an item of indebtedness for which the creditor is not entitled to a lien, where the insertion is by mistake and with no wrong intention, and where no party is prejudiced thereby, and especially where the item erroneously inserted is easily separable from the residue of the indebtedness, ought not, of itself, to be held to vitiate the statement and defeat the lien. If the contrary rule should prevail, it would follow that the creditor would in all cases be bound to produce proof sufficient to establish his lien for every item of his account filed, or fail altogether. This would involve a strictness of construction and practice which would go far towards defeating the beneficial ends for which mechanic's lien statutes were enacted.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed,*