## Mary E. Wolcott v. The Lake View Building and Loan Association.

1. PRACTICE—*Exception to Master's Report.*—Exceptions to a master's report should point out specifically the evidence relied upon to sustain the exception. The court is under no obligation to search through the evidence for something to sustain the exception. Such a course renders the report of the master of no assistance, and is a practice not to be tolerated.

2. APPELLATE COURT PRACTICE—*Improper Abstracts.*—It is not only improper in an abstract to characterize written documents as "pretended," but it is improper to place therein conclusions as to what the evidence amounts to.

3. FORECLOSURE—*What May be Included in the Decree.*—Amounts which become due pending a hearing, may on foreclosure be properly included in the decree.

4. DECREES—*Upon Joint and Several Obligations.*—Where the bonds signed by a defendant (a married woman), in a foreclosure suit by a building and loan association, are joint and several, and the stock pledged issued, and so far as appears, owned by such defendant, a several decree against such defendant is proper.

5. EVIDENCE—*Of the Execution of Bonds Described in a Mortgage.*—Where the execution of a mortgage is duly proven, and the bonds offered correspond with those described in the mortgage, it is *prima facie* evidence that they are the same as those described in the mortgage as executed by the mortgagor.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed July 5, 1895.

JAMES W. BEACH, attorney for appellant.

SAMSON & WILCOX, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The abstract filed by appellant in this cause opens as follows·:

"APPELLANT'S ABSTRACT OF RECORD.

Placita.

Pleas before the Honorable O. H. Horton. Original bill of complaint filed the 16th day of March, A. D. 1891. Bill

filed for the purpose, as is supposed, of foreclosing three pretended mortgages.

Exhibit A, pretended bonds; Exhibit C —; Exhibit E, pretended bond; Exhibit B, a pretended mortgage."

Turning to appellant's brief we find the following:

### " STATEMENT.

The appellant is now the widow of Luther M. Wolcott. The original bill filed in this cause, is a bill supposed to have been filed for the purpose of obtaining a decree of foreclosure of three pretended mortgages of real estate, pretended to have been executed by appellant and Luther M. Wolcott, and if said bill contains any prayer for relief whatever, it prays for a decree against appellant and Luther M. Wolcott, jointly. The appellant answered the bill, and thereafter filed her amended answer, in which answer and amendment thereto she specifically and at large denied each and every material averment of complainant's bill of complaint. Having fully answered the bill, the complainant thereafter filed her cross-bill of complaint against said complainant (appellee), and made her said answer and amendment thereto a part of her said cross-bill of complaint; appellant in her cross-bill avers that she is the wife of said Luther M. Wolcott, and that he, the said Luther M. Wolcott, was at the time of the filing of said cross-bill, and had been for a long time prior thereto, a member of the board of directors of said Lake View Building and Loan Association (complainant in said original bill).  *   *   *

Complainant alleges that she is the owner of certain shares of stock in said association, and charges reckless and gross mismanagement of its affairs, and that when she obtained said shares of stock, said shares were either valuable or worthless.

Alleges that said defendant association has as accretions to its business derived certain profits, in which complainant alleges she is justly and equitably entitled to share; that said profits amount to a very large sum, the amount thereof being unknown to her; prays for an accounting, and that said several items of rent, damages, profits, and her share of

Wolcott v. Lake View Building & Loan Ass'n.

the assets of said association and the value thereof be allowed and decreed to her, and prays for a discovery as to the actual financial condition of said defendant association, and offers to do equity and to pay into court or under its direction whatever sum of money may be found due and unpaid from her on said accounting, and prays for an injunction. Also prays that the value of her said shares of stock may be ascertained on said accounting, and that she may be decreed to ratably share with the other stockholders on said accounting, and be credited with her ratable share and just proportion of all the earnings, including all the profits, premiums, interest, fines and penalties, and assets belonging to said association.

The defendant association (appellee) filed a demurrer to said cross-bill which said demurrer was sustained by the Circuit Court. * * *

I call your honor's attention to these pretended payments and beg to submit that in view of the total failure to connect or attempt even to connect the appellant in any way with the pretended payments of money, and the failure to prove the execution by her of either the pretended application for a loan or the pretended power of attorney (addressed ' to whom it may concern '), or the pretended bonds, that this whole transaction, in the light of the testimony, looks like a scheme on the part of appellee to obtain from appellant, without consideration, security for money divided among its officers, one of whom was the husband of appellant, and the person who drove appellant from her said homestead and surrendered the possession of the premises in question to the appellee."

Thus warned that there is so much pretense in the case we turn to the record and find that the bill filed by appellee, a building association, was for the foreclosure of three mortgages made to secure the payment of three bonds, all of said instruments being alleged to have been made by appellant and Luther N. Wolcott, her husband.

A copy of one of the mortgages and copies of three of the bonds are attached as exhibits to the bill.

We also find in the record three mortgages, each purporting to be executed by appellant and Luther N. Wolcott, her husband, being to secure, respectively, the sums of $2,700, $200 and $400, recited severally in said mortgages as due and owing by said appellant and said Luther M. Wolcott, secured to be paid by bonds, respectively, by them made to said building association. Each of said mortgages appears to be duly acknowledged by appellant and Luther M. Wolcott before a notary public of Cook county, Illinois. We find also three bonds corresponding to those described in the several mortgages, each purporting to be signed and sealed by appellant and Luther M. Wolcott. Each of the bonds and mortgages contains recitals showing the pledging by appellant of certain shares of stock in the said building association as security for the loan for which the bonds and mortgages are respectively executed. The mortgages are each of the same property; upon this it appears that appellant procured three loans from appellee. The record as to the making of the loans, the disbursement of the money, payment made by appellant on account of said loans, proceeding of the association, fines for non-payment on account of stock, etc., is voluminous, covering nearly 400 pages. The objections made by the solicitor for appellant during the taking of testimony were very many, and the cross-examination of complainant's witnesses most extended.

After reading the statements in appellant's abstract and brief concerning the " pretended " bonds, mortgages, and pretended disbursements thereon, we naturally expected to find some testimony of appellant concerning the same, or at least of the charges of fraud and conspiracy so freely made by appellant in her answer and cross-bill; but nothing tending to show that any of the bonds or mortgages introduced by appellee were fraudulent, or that the disbursements claimed thereunder to have been made were not made, or that in any of the transactions proven by appellee there was aught of fraud or conspiracy, was offered by appellant.

A demurrer to the cross-bill of complainant having been sustained, the cause was referred to a master to take testi-

mony and report the same with his conclusions. The master specifically reported that October 26, 1887, appellant borrowed from the said building association, first, the sum of $2,700, securing the same by her bond and mortgage; that afterward she borrowed from the association the sum of $200, securing the same by her bond and mortgage dated July 26, 1888. That May 9, 1889, she borrowed from the association $400, securing the same by her bond and mortgage of that date.

The master found a specified amount due and that all the material allegations in the bill were true; also that the equities of the case were with the complainant.

To this report—in the thirty-second exception thereto it is called a pretended report—appellant filed thirty-four objections, all of which were overruled, and were then by appellant refiled in court as exceptions.

Substantially all of said exceptions are based upon the evidence, yet none point out the evidence upon which appellant relies to sustain the exception. The court is called upon to search through the entire mass of evidence to see if something can not be found which will sustain the exception. The court is under no obligation to do this. Such a course renders the report of the master of no assistance, and is one which it is under no obligation to tolerate. Huling v. Farwell, 33 Ill. App. 238; Heffron v. Gore, 37 Ill. App. 257; Brown v. McKay, 51 Ill. 295; Hodson v. Eugene Glass Co., 54 Ill. 248; Daniell, Ch. Pr., 1300, 1315, 1317; Springer v. Kroeschell, 59 Ill. App. 434.

We have examined the record of this cause and we find nothing therein tending to justify the inference cast by appellee's brief, as well as by the statements of counsel injected into the abstract, that the bonds and mortgages, other written documents, payments, and transactions upon which the bill of appellees was filed, and the decree of the court below is based, were any or either of them pretenses. All satisfactorily appear, and were proven to be genuine documents—real disbursements made in good faith in the ordinary course of business. Appellant's position, in substance, is

that these documents are forgeries, and her solicitor in one brief acknowledges that such is the import of his argument.

No attempt is made to excuse or account for the failure of appellant to appear and testify that any of the numerous documents to which her name appears as a maker is not in all respects a genuine instrument by her made for the uses and purposes therein set forth, or that one word of the testimony, covering some 200 type-written pages, is untrue.

The evidence justifies the conclusions of the master and the decree of the court. The abstract filed by the appellant is not such a one as the rules of this court require. Not only is it improper in an abstract to characterize written documents as "pretended," but it is improper to place in an abstract, conclusions as to what the evidence amounts to.

The abstract contains no part of any of the pleadings, or of the bonds and mortgages, master's report, objections or exceptions thereto, or of the decree, or of any of the written documents, unless the following can be called an abstract:

"316. Pretended resolution of board of directors of said association held March 6, 1894, pretending to declare a forfeiture of shares of stock and also to [327] declare the whole sum due set forth in testimony of Harry Cragg upon re-opening the case; and,

329. Exhibit ' C ' pretending to ' direct the attorney to foreclose the Wolcott loan,' being the action of board of directors, February 17, 1891.

334. Certificate of master.

335½ and 336. Checks, referred to.

337. Exhibit ' H.'

339. Exhibit ' G.'

341 to 343. Certificates of stock.

344. Exhibit ' No. 1.'

349. Paper addressed ' To whom it may concern.'

349½. Check.

350. Policy of insurance.

351 to 355. Exhibits ' B,' ' D,' ' F.' (Pretended mortgages.)

355.  Exceptions to master's report.

376.  Objections to master's report.

387.  Order sustaining master's report, and overruling exceptions to master's report.

389.  Decree.

394.  Order allowing appeal.

396.  Appeal bond.

397.  Certificate of clerk.

398.  Assignments of error.'

This is not a compliance with the rule of this court respecting abstracts.   Mallers v. Crane Elevator Co., 57 Ill. App. 283.

We have, nevertheless, examined the record with a view to determine wherein the equities of the cause lie.

Appellant makes the following objections to the decree:

## " I.

The original bill contains a prayer for process but does not contain a prayer for relief.

## II.

The supposed prayer for relief, which commences ' Forasmuch,' and concludes ' to the end,' etc., is the usual jurisdictional clause of a bill in equity and is merely explanatory, but does not ask the court to grant the equitable relief in said clause stated as falling within the jurisdiction of a court of equity.

## III.

Said bill does not contain a prayer for relief.

## IV.

The Circuit Court erred in sustaining said master's report.

## V.

Said decree is a mere money decree and finds that the money is due to the complainant, but does not find from whom the money is due, and finds that the material averments of the bill are true and that there is due upon the

three mortgages and bonds described the amount of money in said decree mentioned. The original bill avers that said alleged bonds were executed by Mary E. Wolcott, (appellant), and Luther M. Wolcott. And if said bill contains any prayer for relief whatever it is a prayer for a joint decree against said Mary E. Wolcott and Luther M. Wolcott."

We find that the bill contains an adequate prayer for relief and one sufficient to sustain the decree rendered.

Appellant says: " Said decree orders a sale of defendant's land and leaves the complainant in possession thereof notwithstanding said decree might be satisfied by payment."

The Circuit Court has in the proceeding full power and authority to restore the possession of the property to appellant if the decree shall be satisfied by payment or sale. Such order would be as much in execution of the decree, the purpose of which is the payment of a lien found to exist, as is putting in possession a purchaser who has received the master's deed.

The bill was not filed until there had been for more than six months a default in the payment of interest. It is claimed by appellant that prior to the filing of the bill the entire indebtedness had, in accordance with provisions of the mortgages, been declared due; this was denied, and to set the question at rest, after suit brought, by resolution of the board of directors the entire indebtedness was declared due.

Appellant insists that a foreclosure decree could be had only for the amount due when the bill was filed.

Amounts which become due pending a hearing may, on foreclosure, be properly included in the decree. Jones on Mortgages, Vol. 2, Sec. 181; Boone on Mortgages, Sec. 189; Magruder et ux. v. Eggleston et ux., 41 Miss. 284–286; Cooke v. Pennington, 15 S. C. 185.

Appellant urges that by demurring to her cross-bill appellee admitted all the allegations thereof to be true, and that therefore, upon the hearing and this appeal, we are to consider that appellee "illegally and forcibly and through fraud, force and coercion, obtained possession of appellant's land."

Neither the court below nor this court have anything to do with the allegations of appellant's cross-bill, except to determine if the demurrer thereto was properly sustained.

We think it was.

It is insisted that only a decree against appellant and L. M. Wolcott jointly should have been entered.

The bonds by appellant signed are each joint and several, while the stock by her pledged was issued, and so far as appears, owned by her alone.

Appellant urges that her signature to bonds was not proven.

The execution of the mortgages by appellant was duly proven. The bonds correspond entirely with those described in the mortgages, the description being unusually full and definite. Such being the case, the bonds were *prima facie* evidence that they were the same as those described in the mortgages as executed by appellant. Brown v. McKay, 51 Ill. App. 295; Brown v. McKay, 151 Ill. 315; Mixer v. Barnett, 70 Iowa 329; Steinbeck v. Stone, 53 Texas 382; Jones on Mortgages, Sec. 1469; Bailey v. Fanning Orphan School, 14 S. W. Rep. 908.

Appellant insists that a payment of $20 was improperly allowed. The record shows that it was paid for insurance on the mortgaged property in accordance with provisions of the mortgages.

We find in this record no error warranting a reversal of the decree of the Circuit Court and it is affirmed.