## Warren Springer v. Charles Kroeschell et al.

1. EQUITY PRACTICE—*Exceptions to the Master's Report.*—General exceptions to a master's report, as for instance, "such finding is not sustained by the evidence," or "such finding is contrary to law," are improper; the court may refuse to examine the record for matters not specifically pointed out.

2. SAME—*Nature of Exceptions to the Master's Report.*—Exceptions to a master's report are in the nature of a special demurrer, and the party excepting must point out the error, otherwise the part not excepted to will be taken as admitted.

3. MECHANIC'S LIENS—*Allegations of Ownership in the Petition.*—An allegation of ownership of premises in a particular person or corporation, or in a particular person in trust for a corporation or for individuals composing a partnership firm, is a sufficient allegation of ownership in a pe-

Springer v. Kroeschell.

tition for a mechanic's lien under the statute, and an allegation that the contract was made, with either the holder of the legal title or the owner of the equitable estate, as the case may be, is enough, with reference to the party contracted with.

4. SAME—*Different Claimants—Consolidation of Suits—Validity of the Decree.*—Where there are suits pending for liens upon the same premises by different persons, the proper course of practice is to consolidate them in order that there may be but one decree and one sale; and it is not at all essential to the integrity of the decree that the different claimants should state the ownership of the premises to be the same, or that they contracted with the same persons as, or as claiming to be, owners of the premises.

5. SAME—*What is Liable.*—It is the interest which the person contracted with has in the premises that is liable to the lien, and may be sold to satisfy it. The proof determines what that is, and it may not be the same to each claimant.

6. SAME—*Purchasers Without Notice.*—The lien given by the statute to mechanics and material-men is a secret one, but is enforcible; persons purchasing the premises must do so at their peril.

**Mechanic's Liens.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed July 5, 1895.

WM. J. AMMEN, attorney for appellant.

LACKNER & BUTZ and KROESCHELL BROTHERS, attorneys for appellees.

WEIGLEY & EASTMAN, attorneys for Charles Munson Belting Co., appellee.

PEASE & McEWEN, attorneys for Harvey Lumber Co. and Field Lumber Co., appellees.

SMITH, SHEDD & UNDERWOOD, attorneys for J. L. Fulton, appellee.

LANE & REASER, attorneys for George B. Carpenter, appellee.

DOW, WALKER & WALKER and JOSIAH BURNHAM, attorneys for Clapp Automatic Fire Extinguisher Company, appellee.

GEORGE W. PLUMMER and WHARTON PLUMMER, attorneys for Perkins Bros. and Patrick Nacey.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree allowing certain claims for labor performed and material furnished in a building known as Excelsior Block, situated at the northwest corner of Canal and Jackson streets, in Chicago; and declaring a lien on said premises under the mechanic's lien law, for the amount of such claims, and ordering that in default of the payment thereof within five days after the entry of such decree, the premises be sold and the proceeds be applied in the payment of such claims, etc.

Such decree was entered in five separate and distinct suits, as consolidated. Such consolidation was before the taking of any proof, and the consolidated causes were referred as one cause to a master, and the master reported the proofs with his conclusions, overruling the objections of appellant thereto, and such objections were filed, and ordered to stand as exceptions to such report, and the consolidated cause coming on for hearing upon the pleadings and such master's report, and exceptions thereto, the master's report was approved and confirmed, and a decree entered accordingly, excepting that the court directed that interest be calculated at the rate of five per cent, for the period beginning July 1, 1891, instead of six per cent, the rate allowed by the master.

The claims allowed by the decree in favor of the appellees, respectively, were as follows:

| | |
|---|---|
| Kroeschell Brothers | $2,450.54 |
| Perkins Brothers | 1,681.26 |
| Patrick Nacey | 3,295.67 |
| George B. Carpenter | 177.00 |
| J. L. Fulton | 1,174.45 |
| Clapp A. F. E. Company | 3,568.93 |
| Chas. Munson Belting Company | 745.27 |
| Field Lumber Company | 1,960.55 |
| Harvey Lumber Company | 1,231.16 |

| | |
|---|---|
| Total of claims allowed | $16,284.83 |

The appellant prosecutes this appeal as the owner of the property by purchase from Hibbert Lehman, who held the legal title thereto at the time the contracts in question were made.

The record is very voluminous, the master's report alone occupying about 400 pages. The objections that were filed before the master were by leave refiled as exceptions to his report in the Circuit Court, and the cause was there heard upon the pleadings and said exceptions.

To the findings upon each of the said nine claims that were allowed, from six to ten separate exceptions, and in addition ten general exceptions applicable alike to all the claims, making a total of seventy-seven exceptions, were filed.

Those exceptions are all of the most general character, for example:  " Such finding is not sustained by the evidence, " and "such finding is contrary to the law;" and that findings and rulings were, severally, " contrary to the evidence and contrary to the law."

We might decline, under well established rules, to examine the voluminous and complicated record to which only such general exceptions were filed. This is a court of review, and generally only such matters as have been pointed out to the court below and considered there are proper subjects for review here.

" Exceptions to a report of a master must state, article by article, those parts of the report which are intended to be excepted to. Exceptions to reports of masters in chancery are in the nature of a special demurrer, and the party objecting must point out the error, otherwise the part not excepted to will be taken as admitted." Story v. Livingston, 13 Pet. 359.

" When an account has been taken and returned by a master, regularly, either party desiring to object to the allowance of any item should file his exceptions to the master's report, specifying the items objected to and the grounds of objection. On hearing, it is not the duty of the chancellor to examine items not thus excepted to, and on ap-

peal the duty of this court does not extend beyond that of the chancellor." Smalley v. Corliss, 37 Vt. 486.

The objections and exceptions to the master's report must point out the grounds with reasonable certainty, as in the case of a special demurrer. Hurd v. Goodrich, 59 Ill. 450.

As said in Story v. Livingston, *supra*, of exceptions there under consideration, "They are too general; indicate nothing but dissatisfaction with the entire report; and furnish no specific grounds, as they should have done, wherein the defendant has suffered any wrong, or as to which of his rights have been disregarded." See also Wolcott v. Lake View B. & L. Ass'n, 59 Ill. App. 415.

Waiving, however, the general character of the exceptions, but without intending thereby to establish a precedent to bind us in the future, we have examined the record, and will discuss some of the points that have been argued.

It is urged as an objection to the decree that it gives relief to the appellees severally, on inconsistent and directly antagonistic grounds.

The legal title to the premises, before they were conveyed to the appellant, and during the time of the transactions out of which the liens in question arose, was held in the name of Hibbert J. Lehman. He was the secretary of the corporation, George Lehman & Sons Company, and he deeded the premises to appellant by deed dated November 14, 1890.

The allegations of the ownership of the premises and of who the contracts in question were made with, as owner thereof, are not uniform in the several petitions.

Some allege the ownership in Hibbert J. Lehman; others allege it to be in Hibbert J. Lehman in trust for the corporation, George Lehman & Sons Company; and another, in him as trustee for other persons, either individually or as members of a copartnership, George Lehman & Sons; and the allegations as to with whom the contracts were made are, in some petitions, that they were made with Hibbert J. Lehman; in others, that they were made with the corporation; in others, with both; and in another with the individuals, including the said Hibbert J. Lehman, composing said copartnership.

The court found, in accordance with the report of the master, that Hibbert J. Lehman was the secretary of the corporation, George Lehman & Sons Company, and supervised the erection of the said building; that he held the legal title of the premises in trust for the said George Lehman & Sons Company, and that as to those of the appellees who contracted with him, they had no notice of the interest of the said corporation in the premises, and that they, as well as the other appellees who contracted with said corporation, were all equally entitled to a lien on the premises for the amounts found to be due them respectively.

We are not able to discover any fatal inconsistency between the petitions and the decree. An allegation of ownership of premises in a particular person or corporation, or in a particular person, in trust for a corporation, or for individuals, including himself, composing a partnership firm, is a sufficient allegation of ownership in a petition for a mechanic's lien under the statute; and an allegation that the contract was made, as the case may be, with either the holder of the legal title or the owner of the equitable estate, is enough with reference to the party contracted with.

It is settled that the proper course of practice is to consolidate all pending petitions for mechanic's liens against the same premises, in order that there may be but one decree and one sale.

And it is not at all essential to the integrity of the decree that the various claimants for liens should state the ownership of the premises to be the same, nor that they should state that they contracted with the same persons as, or as claiming to be, owners of the premises.

The interest that the person contracted with has in the premises is what is liable to the lien, and may be sold to satisfy the lien, and the proof determines what that is; and it may not be the same as to each lien claimant.

So that one lienor alleging title or interest in one person and a contract with him, and another lienor alleging title or interest in a different person, and a contract with him, is no objection to a decree which shall determine the claim or lien and the relief to which each may be entitled.

We do not feel it to be necessary to recite the evidence, or any part of it, applicable to the claims of these numerous appellees, but are content to say that we think the decree as to each appellee is fully sustained, and we have no doubt of its correctness under the statute, unless as against the appellant, who claims to be a *bona fide* purchaser of the premises without notice.

As to appellant's claim to be a good faith purchaser for value without notice, but a few words will suffice.

He purchased of Hibbert J. Lehman, by deed dated November 14, 1890, and recorded November 17, 1890.

All of the contracts in question were made and completed before he purchased. In the case of four of them the statutory statements of claim for lien were filed in the clerk's office before he bought, and the others shortly afterward.

The statements that were filed before appellant purchased described the property with substantial accuracy and constituted notices of record to him.

Concerning the claims of which statements had not been filed, he purchased at his peril. The lien given by the statute to mechanics and material-men is a secret one, but is enforcible.

The decree is affirmed.