## Patrick McGuiness v. Annie McGuiness.

1. EQUITY PRACTICE—*Insufficient Exceptions to Master's Report.*—Exceptions to a master's report, which are of a general nature, and which fail to point out the evidence upon which the party excepting relies, are properly overruled.

Separate Maintenance.—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

G. M. MILLER, attorney for appellant.

DALE & FRANCIS, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an application to reduce the amount awarded appellee by a former decree as an allowance for separate maintenance, it being alleged that the circumstances of both parties had, since the entry of such former decree, so changed as to make the allowance now inequitable.

The cause being referred to a master, he took testimony, and reported that the allowance should be reduced from $35 to $27.50 per month. Each party excepted to the report. The court sustained appellee's exceptions, and overruled appellant's.

We have examined the record, and find that the exceptions of appellant to the report of the master were of a general nature and failed to point out the evidence upon which appellant relied. They were, for this reason, properly overruled. Wolcott v. Lake View B. & L. Ass'n, 51 Ill. App. 415; Springer v. Kroeschell, 59 Ill. App. 434.

Appellee's exceptions were as faulty.

The Supreme Court of this State hold that an appellate court will not reverse a decree because insufficient exceptions to a master's report were sustained. Farwell et al. v. Huling, 132 Ill. 112.

The decree of the Circuit Court is affirmed.