## David S. Hayes v. Hammond & Chapman.

1. Mechanic's Liens—*Requisites of the Statement.*—The fact that one of the items of the statement filed by a claimant for a lien is disallowed, does not deprive the person filing the statement from having his lien for other items.

2. SAME—*Statement of Date, etc.*—Where the claimant in his notice filed, states the date of the contract under which he claims a lien, as "on or about July 2, 1892," and the evidence shows it to have been dated June 29, 1895, *it was held* that the statement in the notice filed was a sufficient compliance with the law.

3. EQUITY PRACTICE—*Exceptions to the Master's Report.*—Exceptions to the master's report must state, article by article, those parts of the report which are intended to be excepted to and designate the particular evidence which it is claimed justifies the exceptions.

**Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 12, 1895.

## STATEMENT OF THE CASE.

This was a bill for a mechanic's lien filed by John Hammond and Charles Chapman, partners, against David S. Hayes, defendant, stating that on or about the 2d of July, 1892, they entered into an agreement in writing with defendant to furnish material and perform labor for constructing masonry work for the building, 293 West Monroe street, for the contract price of $1,347; that they performed the contract and finished same on or about the 7th day of September, 1892, and during the progress of the work, at defendant's request, did extra work upon said building, amounting to $23.10; that they duly filed notice for lien with the clerk of Circuit Court; that defendant refused to pay therefor. The bill prays for an account and lien upon the property.

The notice, annexed thereto, claims an indebtedness, after allowing all just credits, deductions and set-offs, of $1,370.10, with five per cent interest thereon from September 7, 1892, and sets forth that said indebtedness is on account of work and labor done and material furnished in accordance with said contract; that extra material and extra work and labor was furnished, amounting to $23.10, as specified in Exhibit "A," attached.

That all said work and labor was done and material furnished continuously from day to day between July 2, and September 7, 1892; that none of it has been paid. A legal

description of the property sought to be charged is appended.

The notice is verified by the affidavit of John Hammond, dated November 29, 1892, stating that said notice is true in substance and in fact; that the work, labor and material were done, performed and furnished, as in said claim stated, and at the time stated therein, and that the itemized statement of account attached, Exhibit " A," is a true, accurate and correct statement of account therefor.

Said Exhibit " A " claims for the mason work
on said building, under contract in writing for same,
dated July 2, 1892,...........................$1,347.00
Extra work and material done, performed and
furnished on said building between July 2, 1892,
and September 7, 1892, piers in cellar of old building...................................................    5.00
Taking down stone wall to said frames in front
wall cellar...................................................    3.00
Furnishing one step and setting two steps in rear
of old building...............................................    6.00
Building chimney in cellar of new building....    1.50
Pointing chimney of old building.............    2.00
600 brick for catch-basins....................    3.60
Hauling lot of brick and mortar..............    2.00
                                                    _____
        Total...........................$1,370.10
Interest at five per cent from September 7, 1892.

The cause was referred to a master in chancery to take proof and report same to the court, with his opinion of the law and the evidence. The master to whom the matter was referred, took the testimony, and against the objections of the defendant found appellees entitled to a mechanic's lien for the sum of $1,307.13, with interest thereon at the rate of five per cent per annum, from September 7, 1892, being a reduction of $62.97 (exclusive of the interest) from the claim made by complainants in their notice and bill.

The court below, on exceptions made, overruled the same, and confirmed the master's report, except that it allowed

interest only from the date of the filing of the bill, and thereupon entered a decree for complainants, from which decree defendant, Hayes, appeals to this court.

English & Hefferan, attorneys for appellant.

Defrees, Brace & Ritter, attorneys for appellees.

Mr. Justice Waterman delivered the opinion of the Court.

The master disallowed $63 of the complainants' claim; such being the case, it is contended that appellees did not file a just and true statement of account or demand, and therefore should not be allowed a lien. We do not think that a strict construction of the lien law requires us to so hold.

There is nothing tending to show that the complainants did not file their claim in good faith, or that they thought any portion of it unjust or untrue. There is a wide distinction between an unallowable and an unjust claim.

In Culver v. Schroth, 153 Ill. 437, the insertion in the claim of an item disallowed by the court was held not to constitute a failure to comply with the law.

The claim for interest was manifestly for five per cent per annum. No citizen of this State could be misled by the claim in this regard. In this case the notice filed sets forth " that the contract or agreement was dated on or about July 2, 1892." The petition alleges that the contract was of the same date, July 2, 1892.

The evidence shows the contract to have been dated on the 29th of June, 1892.

We think that the statement as to the date of the contract is, under the evidence, a sufficient compliance with the law.

The exceptions to the master's report are of a general character, failing to point out the evidence relied upon to sustain them. Very little of the evidence is recited by the master in his report; and what is, does not show that any exception should have been sustained.

The rule as to what exceptions must contain is old, and requires that they shall state article by article those parts of the report which are intended to be excepted to, and shall also designate the particular evidence which it is claimed justifies the exceptions. Daniell's Ch. Pr., 1300, 1315, 1317; Wolcott v. Lake View Bldg. & Loan Assn., 59 Ill. App. 415, and cases there cited.

We do not think that the evidence shows more than one express contract. Whether the building ordinance of the city was violated by appellees, is not a question for determination in this litigation. The decree of the Circuit Court is affirmed.