## Larkin A. Rockwell v. O'Brien-Green Company.

1. MECHANIC'S LIEN—*Sufficiency of Statement.*—Where a statement of a lien is filed in good faith, the fact that all the items claimed are not allowed does not render it invalid.

2. SAME—*Description of the Premises in the Statement.*—If the description in the statement of the property upon which the lien is sought is such that identification by a competent surveyor is easy, it is sufficient.

3. EXCEPTIONS TO MASTER'S REPORT—*When They Will not be Considered.*—This court is under no obligations to consider general and argumentative exceptions to a master's report, where the evidence relied upon to sustain such exceptions is not set forth or directly pointed out, so that it can be turned to at once, without searching through the entire mass of testimony.

**Mechanic's Lien.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

This is an appeal from a decree of the Superior Court establishing a mechanic's lien in favor of appellee.

HOLLETT & TINSMAN, attorneys for appellant.

LEVI SPRAGUE, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We regard the notice filed as a sufficient compliance with the statute in that regard.

The fact that all the items of the amount claimed are not allowed, does not render it invalid. It appears to have been filed in good faith, and to have been believed to be an honest and truthful statement of a just claim. See Hayes v. Hammond et al., 61 Ill. App. 310, and Culver v. Scroth, 153 Ill. 437.

The description of the property in the notice and decree is such that identification by any competent surveyor is easy

*Falsa demonstratio non nocet.* Sharp v. Thompson, 100 Ill. 447.

The cause was referred to a master, whose report was confirmed, and a decree as recommended by him was entered. The exceptions filed to this report are not such as the court was bound to regard; they are general and sometimes argumentative. The evidence relied upon to sustain the exceptions was not set forth, neither was it definitely pointed out, so that the court could turn at once thereto without searching through the entire mass.

The court was under no obligation to consider such exceptions, and might have overruled most of the same upon the mere reading of them. Springer v. Kroeschell, 59 Ill. App. 434; Wolcott v. Lake View Association, 59 Ill. App. 415; Green v. Bishop, 1 Clifford (U. S.) 186.

The decree of the Superior Court is affirmed.