79 223|
180s 267|

# George A. Loughridge v. The Northwestern Mutual Life Ins. Co.

1. EVIDENCE—*Execution of Bonds.*—The production of a bond with a mortgage, where there is no denial of the execution of the bond, affords *prima facie* evidence of its execution.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed December 12, 1898.

CHARLES PICKLER, attorney for appellant.

HOYNE, FOLLANSBEE & O'CONNER, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree foreclosing a mortgage. The appellee filed a bill against Gay Dorn, Charlotte E. Dorn and George A. Loughridge, appellant's abstract of which is as follows:

"That May 8, 1893, C. E. and Gay Dorn became indebted to complainant $20,000, secured by a mortgage and a bond for $40,000, executed and delivered by them on that date, conditioned for the payment of the $20,000, of which $2,000, due May 8, 1895, and $18,000, payable May 8, 1898, interest six per cent, semi-annually first of May and November each year; Dorns, to secure payment of principal and interest, delivered to complainant a mortgage of that date of the east half of lot 10, all of lot 11, and the east 75 feet of lot 18, in Robertson's Sub. Sec. 23, 38, 14, Cook county; that of the $2,000 so payable, $300 paid August 10, 1896; time to pay the balance of said $2,000 twice extended and is now payable, $300 October 15, 1896, $400 January 5, 1897, and $1,000 May 8, 1897; default made in $300 and $400 so payable; wherefore complainants, April 14, 1897, declared the whole amount of said loan unpaid due; now due, $19,700, with interest from November 1, 1896, at six per cent; complainant, by reason of the failure of the Dorns and persons interested to pay taxes, on April 26, 1897, advanced $253.92 in payment of said taxes, which, with

interest at six per cent, should be added to said principal;
that May 7, 1897, complainant paid $250 for insurance pre-
miums on said premises, which, with six per cent interest,
should be added to principal; all of said sums due; necessary
to procure a continuation of abstract of title to said prem-
ises, and it may be necessary to incur further expenses in
continuing abstract; by terms of the mortgage, such
expenses should be added to amount found due to com-
plainant, as well as a reasonable solicitor's fee."

The bill alleged that appellant Loughridge claimed some
interest in the mortgaged premises; that, subsequently to
the recording of the mortgage, Gay Dorn and his wife, Char-
lotte E. Dorn, conveyed to appellant all their interest in the
premises.

Appellant answered, admitting the purchase by him of
the premises from Dorn and wife, as alleged in the bill, and
averring that he so purchased at a valuation of $70,000,
"and assumed and agreed to pay, as a part consideration
therefor, all liens and incumbrances thereon." He also
admits, in his answer, "that his interest in said premises is
subject to the lien of complainant's said mortgage," and that
both Gay Dorn and wife and himself "are personally liable
to pay to complainant its said claim, amounting to $19,700
and interest and costs." He denies the insolvency of Gay
Dorn and wife and the depreciation in value of the premises,
as alleged in the bill, the necessity for the appointment of a
receiver, etc., and concludes as follows: "That this defend-
ant stands ready and willing to pay the entire amount of
the said mortgage and interest to date," etc., denying
complainant's right to relief. A replication was filed to
the answer. The answer of the Dorns, if any, does not
appear in the record, but it appears in the record, though
not in the abstract, that a demurrer of the Dorns to the
bill was overruled and that, by agreement between the par-
ties, the cause was referred to a master to take proofs and
report, etc.

The master reported that the material allegations of the
bill were supported by the proofs; that there was due to
the complainant $21,455.71, exclusive of solicitor's fees, for

which he allowed $1,072.78, or five per cent of the former amount, making the total amount due $22,528.49. The court overruled appellant's exceptions to the master's report, except as to solicitor's fees, which the court reduced to $500, rendered a decree for $21,455.71, made the usual order for a sale of the mortgaged premises, and further ordered: " After the coming in and confirmation of the master's report of sale, in case any deficiency is shown in the amount due the complainant, it shall be entitled to execution against the defendants, Charlotte E. Dorn, Gay Dorn and George A. Loughridge, who are personally liable therefor, said execution to issue out of this court as at common law." Appellant's counsel makes the following objections to the decree:

1. No case is made by the bill for a deficiency decree against appellant.

2. There is no evidence of the extension of the indebtedness, as alleged in the bill.

3. The bond was not proved.

4. The evidence is insufficient to support the decree for solicitor's fees.

There is no deficiency decree, nor can there be until after a sale and confirmation thereof by the court. Till then it will not be known whether a deficiency decree will be necessary. If, after confirmation of a sale, a deficiency shall appear, and the court shall then order execution against appellant, the question will arise. The complainant can not have execution upon the coming in of the master's report showing a deficiency, or before confirmation of the report and an absolute deficiency order.

The mortgage was admitted by appellant's answer; it was produced before the master, without objection by appellant, so far as appears from the abstract; in other words, it was proved. Such being the case, and the bond, which was also produced before the master, corresponding with the description of it in the mortgage, the proof of the bond was sufficient. Wolcott v. Lake View Bldg. & Loan Ass'n, 59 Ill. App. 415, 423, and cases cited.

Appellant's solicitor testified before the master as to the value of the services of appellee's solicitors, and in his testimony says: "There is no defense on the merits, and none can be urged." This must be regarded as an admission by appellant himself, in view of which and appellant's other admissions in his answer, heretofore stated, he can not now be heard to say that the evidence as to the bond and the alleged extension of the indebtedness was insufficient. The mortgage provides for the payment to complainant, in case of foreclosure, of "an adequate and reasonable sum as a solicitor's or attorney's fee, the amount thereof to be fixed by the court."

William H. Barnum testified that five per cent of the final decree and sale would be a fair, reasonable and usual fee.

Appellant's solicitor testified that the reasonable, fair and just solicitor's fee would not exceed $400. The court fixed the fee at $500, and, we think, in so doing was amply warranted by the evidence.

The decree will be affirmed.